ADELBERT I. CLARK *vs.* JACOB COBURN.

Androscoggin.    Opinion February 20, 1911.

*Eminent Domain. Delegation of Power. Construction. " Adjacent" Land.*
*Statute, 1907, chapter 60. Revised Statutes, chapter 20, section 8.*

1. Statutes purporting to give authority to exercise the sovereign power of eminent domain are to be construed strictly against the donee of the power. Words in the statute fairly susceptible of a meaning limiting the power are to be so construed, if the context will allow.

2. In the statute, R. S., chapter 20, section 8, granting authority for the taking of "adjacent" land to enlarge a private cemetery, the word "adjacent" should be construed in its limited, primary meaning of "adjoining" or "contiguous," and not extended to land near by, but not adjoining.

3. Land separated from an existing private cemetery by a highway fifty-five feet wide is not "adjacent" to the cemetery, and cannot be taken for its enlargement under the statute.

On exceptions by defendant.    Overruled.

Trespass quare clausum fregit alleging that the defendant broke and entered the plaintiff's close in the town of Greene, and there trod down, trampled upon and spoiled the grass there growing, etc. Plea, the general issue with brief statement alleging "that he entered upon the land described in the plaintiff's writ at the time alleged in said writ as the employee and agent of the Valley Cemetery Company, a duly organized corporation which company was then and there rightfully and legally in possession of said land by virtue of proceedings taken by it and the municipal officers of the town of Greene in compliance with the statutes of Maine, to enlarge its cemetery or burying ground within said town of Greene, and that it and said municipal officers had done all acts required by law prior to said alleged trespass to place said cemetery corporation in the rightful possession of said land, and the said defendant further alleges that the sum awarded as damages for the taking of said land, viz: four hundred dollars, was duly tendered to the plaintiff

in gold but was by him refused, and said four hundred dollars was brought into court on the first day of the term to which the plaintiff's writ was returnable."

The case was heard by the presiding Justice without a jury, with the right of exceptions. The presiding Justice ruled that the defendant had not shown a justification for his entry, and rendered judgment for the plaintiff with damages assessed at $1.00. The defendant excepted.

The case is stated in the opinion.

*John A. Morrill*, for plaintiff.

*Tascus Atwood, and Newell & Skelton*, for defendant.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, BIRD, JJ.

EMERY, C. J. The statute, R. S., ch. 20, sec. 8, as amended by ch. 60 of the Public Laws of 1907, provides that "The municipal officers of any town may on petition of ten voters enlarge any . . . incorporated cemetery or burying ground within the town by taking the land of adjacent owners," etc. In the town of Greene was a cemetery known as the Valley Cemetery, established and administered by the Valley Cemetery Company, a corporation. This cemetery was bounded on the northwest by the southeast line of a county road which was some fifty-five feet wide. The municipal officers of Greene upon petition under the statute essayed to enlarge this cemetery by taking land of the plaintiff situated upon the opposite side of the county road.

The plaintiff, besides other objections, objects that, as to the land sought to be taken, he was not an "adjacent owner" within the purview of the statute, since the land was separated from the cemetery by a strip of land fifty-five feet wide upon which was a highway.

It may be conceded that the term "adjacent" does not necessarily, nor even most frequently, mean "adjoining" or "contiguous," but it is susceptible of that meaning in many connections, and indeed has been held not only by lexicographers, but by courts, often to have that meaning in various connections. *Camp Hill Borough*, 142 Pa. St. 511. Does it have that meaning in the

statute cited? We think it does. The statute is in derogation of private right and hence is to be construed strictly against the donee of the power to take private property against the will of the owner. Such power granted to, or for, a person or corporation, is not to be extended beyond the plain, unmistakable meaning of the language used. Words in the statute fairly susceptible of a meaning limiting the power are to be so construed if the context will fairly permit. *Spofford* v. *B. & B. R. R. Co.*, 66 Maine, 26 ; *Currier* v. *Marietta, etc., R. R. Co.*, 11 Ohio St. 228.

In this case the power is granted, not to establish a new or even an additional cemetery to be opened and managed by the same corporation as an existing cemetery, but only to "enlarge" that cemetery. To establish on the plaintiff's land a cemetery as proposed would not "enlarge" the original Valley Cemetery in the strict, primary sense of the term. It would really establish another cemetery under the same administration. There would be two cemeteries with a strip of land and a highway between and separating them. There must needs be a separate entrance to each. There would be no continuity. They could not be enclosed as one. Indeed, they would undoubtedly come to be designated by different and distinguishing names.

However the term "adjacent" should be construed in other statutes, or in other connections, we are satisfied that as used in its connection in this statute it must be held limited to lands adjoining, or contiguous, to the original cemetery. It follows that the statute gave no power to take the plaintiff's land on the opposite side of the road, and that the judgment awarded the plaintiff must stand. As this disposes of the case, the other objections urged need not be considered.

*Exceptions overruled.*