NELSON SPEAR *vs.* WILLIAM H. HOFFSES.

EDWIN S. VOSE *vs.* WILLIAM H. HOFFSES.

Knox.      Opinion December 30, 1929.

*Oscar H. Emery*, for plaintiffs.
*Rodney I. Thompson*, for defendant.

SITTING: DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

DUNN, J. These two cases were tried together. The gist of each declaration is that the defendant, in kindling and tending a grass fire on his own land in Cushing, on April 16, 1927, when the soil was uncommonly dry and the wind blowing freshly, did so at an unsuitable time and was wanting in care and prudence, to the property damage of the different plaintiffs on two acres and five acres of their several lands, to which the fire spread, destroying the value and beauty of oak groves and doing other damage to their respective properties.

Plea, the general issue.

The jury awarded one plaintiff three hundred dollars; the other, five hundred dollars.

Exceptions raise the point that damages, apparently found from evidence admitted over objection, tending to prove that the trees in the destroyed groves were of other and greater value than for timber, namely, that the groves enhanced the value of the tidewater lands for summer cottage lots, are not recoverable as the necessary and proximate result of the wrongful acts set out in the declarations.

And there are motions to set aside the verdicts as against the evidence, and the weight thereof, and for excessiveness of damages.

The actions are in case. They are based on a statute which contemplates damages to produce just results. R. S., Chap. 30, Sec. 17.

The first question relates to the rule of damages given to the jury. The jury were told, in effect, that, in the event the matter of damages came on for attention, it would be for the jury to find from the evidence how much, with respect to the most valuable purpose or use of the trees, either for timber or shade or beauty, but not both, the market value of the lands had been reduced;

regard being had to their character, situation, present and probable use.

While a grove of trees is generally a part of the real estate upon which the trees are growing, and the trees have an intrinsic, estimable value, may be more, may be less, than they add to the value of the real estate, still the owner may treat them as personal property, and sue for their value as though they had been detached from the realty, in which case his measure of damages is the value of the trees separate and apart from the soil; but where one sues to recover damages for injury, permanent in nature, caused his land by the loss of the trees, the measure of damages is the market value of the land immediately before and immediately after the injury. The law makes damages commensurate with damage. *Look* v. *Norton,* 55 Me., 103, 105. Thus may the wrongdoer be held responsible for all injury necessarily and naturally resulting from his tortious act, whether foreseen by him or not.

These actions were commenced to recover original damages for injuries to lands, each injury being alleged to have been primarily caused by the destruction of the scenic beauty of growing trees in an oak grove; but besides this allegation, in the single count of the declaration, is the allegation for the further damage which the fire did on and to the land the declaration bounds and describes.

No ground to except to the instruction given the jury is perceived, qualified as the instruction was to exclude indirect, indefinite, conjectural, or speculative damages, and damages aside from the direct diminution of the value of the real estate for any use to which it might reasonably have been appropriated.

It is not to be said, on consideration of the motions, that either verdict is against the evidence, or its fair preponderance, or that the damages are excessive.

*Exceptions overruled.*
*Motions overruled.*