### Robert GELINAS and Lucille Gelinas

### v.

### MARCEL MOTORS.

Supreme Judicial Court of Maine.

Argued May 2, 1984.

Decided May 23, 1984.

Marshall, Raymond, Beliveau, Dionne & Bonneau, P.A., Paul R. Dionne, (orally) Lewiston, for plaintiffs.

Hunt, Thompson & Bowie, William C. Nugent, (orally) Rebecca Farnum, James M. Bowie, Portland, for defendant.

Before McKUSICK, C.J., NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

---

ROBERTS, Justice.

Robert and Lucille Gelinas appeal from a judgment of $2000 in their favor entered against Marcel Motors following a non-jury trial in Superior Court, Androscoggin County. The Gelinases complain that the court denied them a jury trial and that the court applied an improper measure of damages. Marcel Motors cross-appealed on the issue of damages as well. Because we find no merit in the Gelinases' argument and because the cross-appeal was untimely, we affirm the judgment.

In July, 1979, the Gelinases filed a trespass action against an adjoining property owner, Marcel Motors. Marcel's lot was about 30 feet higher than the Gelinases' back yard. When Marcel began construction of an addition to its building, some of the excavated material spilled over onto the Gelinases' lot. There was also some soil erosion down the slope and onto the Gelinases' lot before the embankment stabilized.

A pretrial order was entered in August, 1980, placing the case on the jury-waived trial list. The Gelinases had not filed a pretrial memorandum nor did they object to the pretrial order. Almost two years later, in June, 1982, and four days before a scheduled trial date, the Gelinases moved to have their case removed from the jury-waived trial calendar and placed on the jury trial calendar. The motion was denied. They made the same motion, again unsuccessfully, in September, 1983.

At the trial on October 25, 1983, the Gelinases claimed that, in order to restore their property to its pre-trespass condition, they would have to remove the encroaching soil and build a retaining wall. Plaintiffs' witness estimated that this project would cost $6000. Cross-examination of the witness elicited alternatives to a retaining wall, including regrading and landscaping the bank at a potential cost of $1000–$1500. Marcel submitted evidence that the diminution in the value of the property, attributable to the trespass, was $585. The Superior Court awarded the Gelinases $2000.

The Gelinases filed their timely appeal on November 23, 1983. Robert Gelinas, acting *pro se,* moved for a new trial on November 28, more than 10 days after entry of judgment. Marcel filed a cross-appeal on December 15, more than 30 days after entry of judgment and more than 14 days after the initial notice of appeal was filed.

■ M.R.Civ.P. 73 permits the filing of a cross-appeal more than 30 days after entry of judgment if it is filed "within 14 days of the date on which the first notice of appeal was filed." Marcel Motors' cross-appeal is not timely unless the time for cross-appeal was affected by the new trial motion. Rule 73 provides that the running of time for appeal is terminated by a *timely* motion for a new trial under M.R.Civ.P. 59 and commences to run anew from the entry of an order denying the motion. Even though we interpret that provision to apply as well to a cross-appeal, that application affords no relief to Marcel Motors. Because M.R. Civ.P. 59 requires that a motion for a new trial "shall be served not later than 10 days after entry of the judgment," the motion in this case was not timely and, therefore, was ineffective to terminate the running of the time for appeal. The cross-appeal must be dismissed.

■ We determine that there is no merit to the plaintiffs' contention that the award of damages was inadequate. Even assuming, arguendo, that the court must consider restoration costs as the only appropriate measure of damages, the court need not accept the estimate of the plaintiffs' witness. Moreover, in determining damages on the basis of restoration, the court may consider the feasibility and reasonableness of various alternative methods of correcting the offending condition. In the circumstances of this case, we find no error in the trial court's assessment of damages.

Finally, we find no abuse of discretion in the denial of a jury trial. The plaintiffs concede that their jury right was initially waived and that there was no error in denying their request for jury trial made

four days before a scheduled trial date. They claim, however, that denial of their second motion constituted an abuse of discretion.

▇▇ We disagree. The essence of a discretionary ruling is that, within the limits of reason and justice, it may be granted or denied without error. The orderly administration of trial calendars, whether jury or non-jury, demands that the court not always be bound to accommodate the fluctuating tactical decisions of trial counsel.

The entry is:

Cross-appeal dismissed.

Judgment affirmed.

All concurring.