Jeffrey **AALBERG**

v.

**Richard STEVENS et al.**

Supreme Judicial Court of Maine.
Argued Jan. 9, 1985.
Decided March 4, 1985.

James W. Gallagher (orally), Damariscotta, for plaintiff.

Blaisdell & Blaisdell, Gary Hunt (orally), Ellsworth, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The plaintiff, Jeffrey Aalberg, appeals from judgment entered on an order of the Superior Court, Lincoln County, accepting a referee's report that found an easement by prescription and ordered the defendants, owners of the servient estate, to pay the plaintiff damages to repair the easement. We affirm the judgment of the Superior Court.

### I.

The plaintiff and the Kelseys[1] own adjoining lots in an area of South Bristol known as King's Cove or King's Colony. Richard and Jeanne Stevens, the defendants, own a lot which abuts the plaintiff's and Kelseys' properties on their southerly boundaries. The defendants took title subject to certain provisions of an earlier deed including the grant to the plaintiff's ancestor in title of a right of way to the shore across the defendants' property. To reach his cottage the plaintiff and his predecessors in title had for many years used in conjunction with this right of way a small gravel road that also crosses the defendants' land. In addition, this road provides the only means of access to a small cemetery abutting the Aalberg and Stevens lots.

In May of 1982, in preparation for building a cottage, the defendants excavated in the area of the gravel road, thereby impeding the plaintiff's access to his cottage. The plaintiff commenced this action in the Superior Court, seeking a determination of his right to use the road based on the theory that he held an easement by grant, or, in the alternative, by prescription or by necessity. The complaint also sought preliminary and permanent injunctions to prevent further harm to the roadway, an order requiring the defendants to restore the road to its former condition, and damages, including punitive damages, for the willful interference with and destruction of the plaintiff's right of access.

The defendants filed a responsive pleading including a counterclaim for damages. The counterclaim alleged the plaintiff had removed surveyor's stakes from the construction site and had cut and removed trees and vegetation from the defendants' property. The Superior Court ordered a moratorium on further construction of the defendants' cottage pending hearing and final resolution of the dispute. The parties agreed to trial before a referee.

Based on a view of the disputed area, testimony, and documentary evidence, the referee found that the plaintiff and his predecessors had acquired an easement by prescription through continuous, open use of the roadway since at least 1920 to the knowledge and acquiescence of the defendants' predecessors. The referee's report recommended a permanent injunction as requested by the plaintiff and compensatory damages of $300 to restore the road to its former condition. Stating there was no factual basis to find the plaintiff had removed surveyor's stakes from the defendants' building site, the referee recommended judgment for the plaintiff on that count of the counterclaim. The referee awarded the defendants treble damages plus expert and attorney fees on their counterclaim of unauthorized cutting of trees. On the basis that the pleadings did not raise the issues, the referee declined to determine either whether a public easement exists leading to the cemetery adjacent to the plaintiff's land, or whether a turn-around area near the end of the ancient right of way was disrupted.

The plaintiff objected to the referee's report pursuant to M.R.Civ.P. 53, on the ground that the course of the easement as described in footnote 4 of the report is allegedly not that of the road as used.[2]

1. The Kelseys were co-plaintiffs in the Superior Court proceeding but did not join in this appeal.

2. Footnote 4, as clarified by the Superior Court, states:

4. Having viewed the area, and there being no description by metes and bounds of the easement in dispute, the Referee suggests the following: A twelve (12) foot strip of land, the westerly side of which begins at a point 150.3'

The Superior Court entered judgment in accordance with the findings and recommendations contained in the referee's report, including the description in footnote 4, from which the plaintiff appeals. He alleges the Superior Court erred in accepting the referee's description of the easement in footnote 4. Additionally, the plaintiff claims the referee erred in declining to order a survey of the easement at the plaintiff's expense, in refusing to consider the issue of the obstruction of a turnaround, and in failing to address the possible violation of 17 M.R.S.A. § 2802 (1983), which proscribes blocking a roadway leading to a burial ground.

## II.

The plaintiff's central contention is that while the referee found the plaintiff to have acquired a prescriptive easement, the course he limned is inconsistent with that of the road as it has been used for so many years. The plaintiff objects to the part of footnote 4 of the referee's report describing the easement as "run[ning] adjacent to" the present Kelsey-Stevens boundary. The plaintiff claims that at its farthest point, the road is over 20 feet from the Kelsey-Stevens boundary and argues that the referee had no power to move the easement by recommending to the Superior Court a declaration of "plaintiff's right to use the way as described in N. 4."

 Unless clearly erroneous the Superior Court shall adopt the referee's findings of fact. M.R.Civ.P. 53(e)(2). If the referee's findings are supported by credible evidence in the record, we must uphold the Superior Court's adoption of the report. *Howe v. Natale,* 451 A.2d 1198, 1200 (Me. 1982); *see Federal Trust Co. v. Cianbro Corp.,* 434 A.2d 42, 44 (Me.1981) (court must not disturb referee's findings supported by competent evidence in record even if other evidence supports contrary findings). We have reviewed the record before us with care and perceive no clear error in the findings of the referee.

The referee found: that the route to the plaintiff's cottage had been used without change since at least 1920; that the path of travel is apparent on the face of the earth from gravel and wheel tracks; that there was no doubt that the defendants' site preparation for a cottage had disrupted the right of passage; that $300 was an adequate amount of money to restore the right of way to its former condition.

Strictly construing an eminent domain statute in *Clark v. Coburn,* we gave the word "adjacent" its narrow definition, meaning "adjoining" or "contiguous." 108 Me. 26, 27–28, 78 A. 1107, 1107–08 (1911). We noted in so doing, however, that the term does not necessarily, nor even most frequently, have that meaning. *Id.* at 27, 78 A. at 1107. We had occasion in a later case to construe "adjacent" as found in another statute to have its broader meaning of nearness without immediate proximity. *See Finks v. Maine State Highway Commission,* 328 A.2d 791, 798–99 (Me. 1974).

It is the broader definition of adjacent that we interpret footnote 4 to impart. We give great deference to the referee's own view of the site. There is no evidence in the record to support a finding that the easement on the face of the earth in fact touches the Kelsey-Stevens boundary. The easement by prescription lies near or close to, without actually touching, the Kelsey-Stevens boundary line. *Cf. Black's Law Dictionary* 38 (5th ed. 1979). Based on the other findings of the referee, we hold this

southerly of the southeast corner of Lot 2, as shown on the 1916 plan of Frank Bulfinch, C.E. and on the westerly bound of the right of way shown on said plan and which strip of land runs adjacent to the easterly and southerly line of the property conveyed by George H. King to Jessie A. Ropes by deed dated August 15, 1918 and recorded in the Lincoln Registry of Deeds in Vol. 353 Page III for a distance of 100.6′.

As described, the easement lies adjacent to the boundary of that portion of the original Ropes lot presently owned by the Kelseys. Jessie Ropes was the common predecessor of both the plaintiff and the Kelseys.

is the proper and consistent interpretation of the easement description.

### III.

The plaintiff also contends that the referee erred in declining to consider evidence showing the obstruction by the defendants' excavation of a turn-around or circle at the base of the ancient granted right of way. The plaintiff similarly maintains the referee erred in "ignoring" a violation of the statute defining as a nuisance "the obstructi[on] or encumb[rance] by fences, buildings or otherwise, of ... burying grounds." *See* 17 M.R.S.A. § 2802 (1983). Despite the desirability of resolving all issues presented by a set of facts, we uphold the referee's decision. The power of determination of a referee extends to only those issues actually submitted to him. *Pope v. Remisa,* 463 A.2d 714, 716 (Me. 1983). The complaint made mention neither of the turn-around area nor blocked access to the cemetery.

Finally, the plaintiff asserts the referee erred in failing to order at the plaintiff's expense a survey of the roadway pursuant to 14 M.R.S.A. § 6851 (1980). The statute provides in part: "The court may appoint a surveyor to run lines and make plans of lands demanded in a real or mixed action ... on motion of either party." *Id.* Neither party filed a motion for the appointment of a surveyor. The first reference to a survey being done to assist in establishing the course of the easement was postured as a suggestion to the court by the plaintiff in a written argument in support of his objection to the referee's report. Even if we were to treat this as a proper motion by the plaintiff, the appointment is discretionary. *See Boynton v. Adams,* 331 A.2d 370, 373 (Me.1975). Here, the record reflects that the referee had viewed the area with the parties and their counsel and had conducted an extensive hearing. The referee heard the testimony of a number of witnesses and examined the exhibits offered. In the context of this case, the court did not abuse its discretion in not appointing a surveyor.

The entry is:

Judgment affirmed.

All concurring.