**Howard N. HERBERT**

**v.**

**Edward E. MROZIK.**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1987.
Decided Feb. 19, 1987.

John L. Carver (orally), Belfast, for plaintiff.

David M. Glasser (orally), Lincolnville, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

This controversy arose out of the undertaking by the Plaintiff, Howard N. Herbert, in 1976 to build a home at Morrill for the Defendant, Edward E. Mrozik, utilizing in some degree certain building plans developed by the Defendant. Construction did not start until 1978. After work on the project was suspended in November of that year, the Plaintiff commenced this action in Superior Court (Waldo County) to enforce a builder's lien and thereby to collect a balance that the Plaintiff asserted was due him. The Defendant counterclaimed for negligence and fraud in the transaction, seeking punitive as well as compensatory damages.

In a jury-waived trial the respective parties adduced evidence that was in sharp conflict. Each called an "expert" to the witness stand, and the testimony of these experts, based upon their views of the work, furthered the disparate opinions of their principals.

On this record the factfinder, who observed the witnesses as each testified, was persuaded that the Plaintiff was entitled to recover $5,394 with interest and costs. The Defendant seasonably appealed.

As we had occasion to observe twenty years ago:

[The factfinder] was not required to believe the testimony of any particular witness, expert or otherwise, but could accept such portions thereof as appeared to him to have the more convincing weight.

*Kittery Electric Light Co. v. Assessors of the Town of Kittery,* 219 A.2d 728, 738 (Me.1966). *See also Grenada Steel Industries v. Alabama Oxygen Co., Inc.,* 695 F.2d 883, 889–90 (5th Cir.1983).

 It is not for us, as an appellate court, after reading a cold record, to substitute our appraisal of this evidence. The factfinder could rationally find as he did.

The sole remaining issue that merits discussion is the Defendant's assertion that the Superior Court erred in its treatment of his counterclaim for negligence or fraud, or both. However, after admitting the Defendant's evidence on this issue, the Superior Court found that the Defendant failed to carry his burden of proof on either theory of the counterclaim. In short, this record does not compel a finding thereon in the Defendant's favor.

The entry is:

Judgment affirmed.

All concurring.