**Arnold LEAVITT, et al.**

v.

**CONTINENTAL TELEPHONE COMPANY OF MAINE, et al.**

Supreme Judicial Court of Maine.

Argued March 13, 1989.

Decided June 6, 1989.

---

**4.** We assume, without deciding, that Richard had standing to raise this issue.

Jack H. Simmons, Jennifer Wriggins (orally), Berman, Simmons & Goldberg, P.A., Lewiston, for plaintiffs.

Robert Mullen (orally), John Linnell, Linnell, Choate & Webber, Auburn, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Arnold and Janice Leavitt appeal from a judgment awarding them trespass damages entered in the Superior Court, (Androscoggin County, *Clifford, J.*). The court ruled that evidence of the restoration cost of trees cut by Continental Telephone Company of Maine and Harrison Line Corporation (Continental) was not admissible at trial. The court ruled in limine on the basis of the plaintiffs' stipulation that they could not show any diminution in market value of their property. Thereafter, the parties consented to an award based on stumpage value. We vacate the judgment.

Continental does not contest the Leavitts' assertion that, while cutting trees along its telephone line, it also cut ornamental trees on their property on Tripp Lake, Poland. Before trial, Continental brought a motion in limine to determine the appropriate measure of damages. The court ruled that the measure might be either the diminution in market value of the property in question or the stumpage value of the trees. The parties stipulated that no diminution in value of the property had occurred and agreed to an award of $1,650 for the stumpage value of the trees. The Leavitts then appealed to challenge the ruling on the admissibility of restoration costs.

■ We have previously permitted two types of recovery in cases involving removal of another's trees. The owner can claim the diminution in value of the land or treat the timber as personal property and claim the value of the severed trees as his damage. *Nyzio v. Vaillancourt,* 382 A.2d 856, 861 (Me.1978) (value of trees as personalty detached from the realty); *Pettengill v. Turo,* 159 Me. 350, 358, 193 A.2d 367 (1963) (diminution in value of the real estate). Neither our decisions nor any legislation, however, restrict *evidence* of damage to these two factors.[1]

---

**1.** The statutes in question refer only to damages:

14 M.R.S.A. § 7552. Injury to lands or property
Whoever cuts down, destroys, injures, or carries away any ornamental or fruit tree, Christmas tree, evergreen boughs, agricultural product, timber, wood, underwood, stones, gravel, ore, goods or property of any kind from land not his own, without license of the owner, or injures or throws down any fences, bars or gates, or leaves such gates open, or breaks glass in any building is liable in damages to the owner in a civil action....

14 M.R.S.A. § 7555. Improved or ornamental lands
Whoever enters onto any grassland, dooryard, ornamental grounds, orchard or garden and cuts down, defaces, destroys or takes therefrom, without permission of the owner, any grass, hay, fruit, vegetable or ornamental tree or shrub is liable in a civil action to the party injured in treble damages.

In fact, restoration costs have been deemed an appropriate, although not exclusive, remedy for injury to real property. *Gelinas v. Marcel Motors,* 475 A.2d 1138, 1139 (Me.1984). When excavated materials spilled from a construction site onto an adjoining lot, evidence of damages included not only the diminution in value, but the cost of regrading and landscaping the area. *Id.* In determining whether to apply this evidence to the measure of damages, the court should consider "the feasibility and reasonableness of various alternative methods of correcting the offending situation." *Id.*

In the case at bar, the Leavitts agreed to the entry of a judgment based on the value of the detached trees as personalty. Their agreement, however, was not a voluntary election of remedies. Rather, the Leavitts were proceeding on the only basis remaining after the court's in limine ruling. Despite the language of our earlier opinions, *e.g. Spear–Vose v. Hoffses,* 128 Me. 409, 411, 148 A. 146 (1929) (the measure of damages is the diminution in *market* value of the land), we are persuaded that the in limine ruling is incorrect. We approve the formulation in Section 929 of the *Restatement (Second) of Torts*:

§ 929. Harm to Land from Past Invasions

(1) If one is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction of value, the damages include compensation for

(a) the difference between the value of the land before the harm and the value after the harm, or at his election in an appropriate case, the cost of restoration that has been or may be reasonably incurred,

. . . .

*Id.* § 929 (1979).

Comment "b" to this section explains that the cost of restoration must be reasonable in relation to the value of the land, but that the recovery is not limited to the diminution in market value. *Id.* comment b. Comment "a" incorporates the definition of *value* contained in Section 911, i.e., exchange (market) value or the value to the owner. *Id.* § 911 comment a. Comment "e" to Section 911 describes value apart from exchange value, that is peculiar to the owner of unique property such as real estate. *Id.* § 911 comment e. Compensatory damages include reasonable value to the owner, but not sentimental value. *Id.*

We recognize that the transcript of the hearing on the motion in limine reflects the Leavitts stipulated that "there is no difference in value," with the word "value" unmodified by "exchange" or "market." The court's in limine order, however, specifies that the measure of damages shall be market value or value of the severed trees, "stumpage value." In addition, the court excluded any evidence of the cost of restoration. We conclude that the Leavitts should not be held to the stipulation using the unmodified term "value." The record makes reasonably clear their intention to introduce evidence from which the jury could ascertain the reasonable cost of restoration of trees having a unique value to the owners. In so holding we do not suggest that replacement in specie would be either feasible or reasonable.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.