Edward **SCHEETZ**

v.

Madeline **HARTMAN.**

Supreme Judicial Court of Maine.

Argued Jan. 4, 1990.

Decided March 28, 1990.

Ronald J. Cullenberg (orally), Farmington, for plaintiff.

Edward Cloutier (orally), Joyce, Dumas & David, Livermore Falls, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

COLLINS, Justice.

Plaintiff, Edward P. Scheetz, appeals the judgment of the Superior Court (Franklin County, *Bradford, J.*) that adopted the report and findings of the referee granting

the defendant, Madeline Hartman, 69 acres debt-free pursuant to a partition of property in Chesterfield that the parties held as joint tenants. Scheetz contends that the referee erred in ordering a physical partition rather than a buy-out and in his allocation of the property. Scheetz also argues that the referee erred in dismissing without explanation a consolidated claim against Hartman for conversion of cattle and on this issue we are evenly divided. We affirm the judgment.

Scheetz and Hartman agreed to have the case tried before a referee. The referee made three cumulative reports and findings of fact. Evidence presented to the referee supports the following findings. On July 22, 1975, Scheetz and Hartman purchased property in Chesterfield as joint tenants. Scheetz and Hartman, though unmarried, resided there together until the fall of 1978 when Hartman left the premises. From that time through August of 1987, Scheetz had exclusive possession of the property.

The subject property consists of approximately 109 acres divided by a road. On one side of the road is a 20–acre parcel upon which the house and barn stand and which has about 1,100 feet of pond shoreline. On the other side of the road is an 89–acre parcel, which consists of a 20–acre pasture area with the remaining acreage being a steep mountainside.

The purchase price of the property was $47,000. Scheetz paid for the property through a mortgage and by borrowing money from his corporate employer and from Hartman's mother. Hartman did not contribute anything at the time of purchase but testified that later she turned over $6,000 from the sale of another house Hartman owned to her mother in order to repay Hartman's share of the amount owed to Hartman's mother. Hartman was unemployed while she lived on the subject property but did receive child support and an insurance settlement of $2,848.

The referee found that the value of the property in 1978 when Hartman left was $36,000 and was $85,000 in September 1987. Hartman has not made any contributions to the property since her departure, nor has Scheetz paid Hartman any rent during his period of sole occupancy. Scheetz paid the mortgage, insurance premiums and real estate taxes on the property between 1978 and 1987.

In regard to the conversation of the cattle, Hartman testified that all the animals were purchased with funds from Scheetz's and Hartman's joint checking account. Hartman testified that she sold the cattle in March and May of 1978 for a total of $4,372. Furthermore, Hartman admitted that she kept this money to live on.

■ Scheetz first argues that, as he had the financial ability to purchase Hartman's share of the property, the referee committed reversible error by ordering physical partition instead. Scheetz's argument lacks merit. Although 14 M.R.S.A. § 6515 allows for the alternative of a buy-out, it speaks in terms of that option being in the discretion of the court, depending upon the circumstances, rather than its being mandatory.[1] This view is further supported by *Libby v. Lorrain,* 430 A.2d 37 (Me.1981).

■ Scheetz next contends that even accepting the conclusion that the parties' contribution to the property during the relationship was equal, the referee awarded an excessive portion to Hartman because he failed to consider Scheetz's contributions to the property for repairs, taxes, insurance and mortgage payments after Hartman left the premises. In reference cases, the Superior Court shall adopt the referee's findings of fact unless they are clearly erroneous. M.R.Civ.P. 53(3)(2). "If the referee's findings are supported by credible evidence in the record, ... [the Law Court] must uphold the Superior Court's adoption of the report." *Aalberg v. Stevens,* 489 A.2d 1, 3

1. Section 6515 states that:
     When any parcel of the estate to be divided is of greater value than either party's share and *cannot be divided without great inconvenience, it may be assigned to one party* by his paying the sum of money awarded to the parties who have less than their shares, but the report shall not be accepted until the sums so awarded are paid or secured to the satisfaction of the parties entitled thereto.
     14 M.R.S.A. § 6515 (1989) (emphasis added).

(Me.1985). *See also Taylor v. Hanson,* 541 A.2d 155, 159 (Me.1988). Furthermore, the referee's factual findings supported in the record, "are not to be disturbed even though there may be evidence to support a contrary finding." *Federal Trust Co. v. Cianbro Corp.,* 434 A.2d 42, 44 (Me.1981).

In the case at bar, the referee found that although Scheetz bore all the expenses of maintaining the premises since Hartman left, he also had exclusive possession. In *Libby,* we held that exclusive possession was a factor offsetting expenditures on the property. *Libby,* 430 A.2d at 40. Furthermore, although there was evidence that Scheetz excluded Hartman from the premises, he never paid her any rent during his sole occupancy. In addition, there was expert testimony that the condition of the buildings on the property was such that it was not cost-effective to rehabilitate them and that it would have been more economical to tear them down. There was also testimony that Scheetz's self-done "improvements" actually detracted from the value of the property because of their lack of professional quality. Accordingly, there was sufficient evidence in the record to support the referee's decision not to reimburse Scheetz for his contributions to the property.

Scheetz further argues that the assignment to him of all of the remaining debt on the property was inequitable. As Hartman points out in her brief, Scheetz received the parcel with the house and buildings and the shoreline zone as well as the parcel of pasture land for his cattle. Scheetz also received primary rights to the well located on the parcel allocated to Hartman. In contrast, Hartman's 69–acre portion was described as a steep mountainside of "negligible" value probably not worth more than $150 an acre." Therefore, Scheetz does not persuade us that it was inequitable for the referee to assign the remaining debt to Scheetz.

Scheetz also argues that the three sets of referee findings are inconsistent and, therefore, are insufficient to fairly assess the partition made. We do not find the referee's findings to be inconsistent or lacking support in the record.

Finally, Scheetz argues that the referee's unexplained dismissal of his conversion claim was clearly erroneous. We are evenly divided on this issue.

The entry is:

Judgment affirmed.

All concurring.