**Jan LIGHTFOOT**

v.

**STATE OF MAINE LEGISLATURE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 19, 1990.
Decided Dec. 6, 1990.

Jan Lightfoot, Hinckley, pro se.

Paul Stern, Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

GLASSMAN, Justice.

By the present action against the Legislature pursuant to 42 U.S.C. § 1983 (1982),[1] Jan Lightfoot, appearing *pro se*, seeks an injunction to mandate that the Legislature enact certain legislation and asks for an award of attorney fees and costs. After a hearing on the motion of the Attorney General filed on behalf of the Legislature, the Superior Court (Somerset County, *Smith, J.*) dismissed the complaint on the ground that the Legislature had absolute immunity from the action. From that judgment Lightfoot appeals contending that the court erred in holding her claim was barred by legislative immunity and in not affording her a fair hearing. We affirm the judgment.

Maine's Constitution explicitly preserves the separation of the powers of the three branches of government. Me. Const. art. III, § 2. The Legislature acts within its constitutional sphere of activity when it exercises discretion to reject or enact legislation. Me. Const. art. IV, pt. 3, § 1. To preserve legislative independence within this sphere of legitimate legislative activity the Legislature enjoys absolute common law immunity from section 1983 actions. This immunity extends to suits for declaratory and injunctive relief. *See Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 731–34, 100 S.Ct. 1967, 1974–76, 64 L.Ed.2d 641 (1980); *see also Board of Ov-*

---

1. 42 U.S.C. § 1983 provides a remedy for individuals alleging deprivations of their constitu-

tional rights by action taken under color of state law.

*erseers of the Bar v. Lee*, 422 A.2d 998, 1002 n. 8 (Me.1980) (judicial department may not interfere with exercise of power by legislative department within its own constitutional sphere), *appeal dismissed*, 450 U.S. 1036, 101 S.Ct. 1751, 68 L.Ed.2d 233 (1981). The trial court did not err in dismissing Lightfoot's complaint. Nor does the record support Lightfoot's claim that judicial bias prevented her from receiving a fair hearing on the motion to dismiss her complaint. We have previously stated that a litigant appearing before the court *pro se* is not entitled to preferential treatment or to judicial accommodation greater than that afforded a litigant appearing by legal counsel. *Gurschick v. Clark*, 511 A.2d 36 (Me.1986); M.R.Civ.P. 83(3).

· The entry is:

Judgment affirmed.

All concurring.