Michael SOLOMON

v.

**BROOKLAWN MEMORIAL PARK, INC., et al.**

Supreme Judicial Court of Maine.

Argued Nov. 22, 1991.

Decided Dec. 31, 1991.

George W. Beals (orally), Portland, for plaintiff.

John W. Graustein (orally), George T. Dilworth, Drummond, Woodsum, Plimpton & MacMahon, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Plaintiff Michael Solomon appeals from a judgment entered by the Superior Court (Cumberland County, *Fritzsche, J.*) following a nonjury trial. Solomon contends on appeal that he was impermissibly deprived of his right to a trial by jury. Finding no such deprivation, we affirm the judgment.

This dispute arises out of a deteriorating family relationship that involves the family business, defendant Brooklawn Memorial Park, Inc. (Brooklawn), which owns and operates a cemetery located on outer Congress Street in Portland. In 1987, Solomon, who worked for Brooklawn for many years, brought suit against Brooklawn and its owner, Gwendolyn Larson, who is Solomon's mother.[1] He claims, *inter alia*, unjust enrichment against both defendants and breach of express and implied contracts against Larson for her failure to name him in her will as the person to receive the business. Brooklawn and Larson filed counterclaims alleging that money was owed them for loans made to and taxes paid on behalf of Solomon.

In December 1988, with Solomon's consent, his attorneys withdrew from the case and no other attorney appeared on his behalf until June 1989. Solomon never filed

---

**1.** Solomon also sued Marie Cowen, his grandmother and a former owner of the cemetery. Solomon does not appeal the summary judgment that was entered in favor of Cowen's estate following her death.

the pretrial scheduling statement required by M.R.Civ.P. 16, and in December 1988, the defendants moved for permission to file their own scheduling statement.[2] *See* M.R.Civ.P. 16(b). Solomon did not appear at the March 1989 hearing on the motion, and the court allowed the defendants' pretrial scheduling statement. The court also issued an expedited pretrial order setting a discovery deadline of May 15, 1989, and in accordance with the request of the defendants, placed the case on the nonjury trial list thirty days after the close of discovery. The order further provided that any objections to the order should be filed within ten days of notice of the order.

Solomon concedes that he received notice of the pretrial order in April of 1989, but did not object to the order until June 14, 1989, when he moved for a jury trial. The court denied his motion after a hearing. The case subsequently was specially assigned and heard without jury. After a trial the court awarded Solomon $30,000 against Brooklawn, to be used to offset a $30,740.31 judgment in favor of Brooklawn on its counterclaim. The court entered judgment of $82,467 for Larson on her counterclaim, and Solomon appealed.

Solomon contends that he was deprived of his constitutional right to a civil jury trial.[3] His contention is without merit. M.R.Civ.P. 16(b) requires a plaintiff in a civil action within fifteen days of the service of an answer upon him to file a pretrial scheduling statement and to specify whether a trial by jury is demanded.[4] Rule 38(d) provides that "[t]he failure of a party to include, or request the inclusion of a demand in the pretrial scheduling state-

ment as required by this rule constitutes a waiver by that party of a trial by jury...." Solomon concedes that no such request was made. *See Town of Manchester v. Augusta Country Club*, 477 A.2d 1124, 1127–28 (Me.1984)

Solomon had a second opportunity to bring his desire for a jury trial to the court's attention. He acknowledges that in April of 1989, he received notice of the court's pretrial order placing the case on the nonjury list and giving the parties ten days to object to any of its provisions. It was not until June 14, 1989, however, twenty-nine days after the expiration of the discovery deadline, that Solomon moved to request a jury trial. At the hearing on that motion, Solomon was required to show that his failure to request an inclusion of a demand for jury trial in the pretrial scheduling statement was not the result of his "own neglect or lack of diligence." M.R.Civ.P. 38(d). The court denied the motion, implicitly finding that Solomon's failure to demand a jury in the pretrial scheduling statement, or to object in a timely manner to the pretrial order placing the case on the nonjury list, was the result of his own neglect or lack of diligence. There is nothing in the record that would compel the court to find otherwise. *See General Commerce & Indus., Inc. v. Hillside Constr.*, 564 A.2d 763, 765 (Me.1989). Moreover, the court was well within its discretion in denying Solomon's request to place the case on the jury trial list once his right to a jury trial had been waived. *Gelinas v. Marcel Motors*, 475 A.2d 1138, 1139–40 (Me.1984).

---

**2.** Defendants' pretrial scheduling statement requested a nonjury trial. It indicated on its face that the defendants had not contacted the plaintiff prior to its being filed.

**3.** Me. Const. art. 1, § 20 provides:

In all civil suits, and in all controversies concerning property, the parties shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practiced; the party claiming the right may be heard by himself and his counsel, or either, at his election.

**4.** Prior to February 15, 1988, civil cases were governed by an Administrative Order in Regard to Civil Case Flow Expedition in All Counties in the State. *See* Me.Rptr. 498–509 A.2d CXIX–CXXI. That order provided that the failure to demand a jury trial in the pretrial scheduling statement constituted a waiver of that right. *Id.* at CXIX. The provisions of that order were incorporated into M.R.Civ.P. 16 effective February 15, 1988, and Rule 16 governed all civil cases thereafter, including pending cases. *See* M.R.Civ.P. 16 advisory committee's note to 1988 amend., Me.Rptr. 522–536 A.2d CCXXVII.