2002 ME 53

**Jennifer RINEHART**

v.

**Max SCHUBEL et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 20, 2001.
Decided: April 8, 2002.

Max Schubel, Greenville, for appellant.

Warren C. Shay, Perkins, Townsend, Shay & Talbot, P.A., Skowhegan, (for Jennifer Rhinehart), Donald E. Eames, Skowhegan, (for Anita Marin), for appellees.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, and ALEXANDER, JJ.

DANA, J.

[¶ 1] Max Schubel appeals from a judgment entered in the Superior Court (Piscataquis County, *Mills, J.*) following a bench trial ordering the sale rather than the partition of an island jointly owned by Schubel, Jennifer Rinehart and Anita Marin. Schubel contends that the court erred in denying his request for a jury and a view, finding that Rinehart and Marin had not abandoned their property rights, finding the island's fair market value to be $200,000, concluding the island should be sold instead of partitioned, and rejecting his claim to compensation for his contributions to the property. Schubel also contends the trial justice was both biased and prejudiced against him. We affirm the judgment.

[¶ 2] The following facts are undisputed. Schubel, Rinehart and Marin are co-owners of a three-quarter acre island[1] in Moosehead Lake. Before their relationship ended Schubel made Marin a joint tenant in 1964, and before their relationship ended Schubel made Rinehart a joint tenant in 1988. In August of 1997 Rinehart brought an action for partition by physical division or sale. In October a pretrial scheduling statement was filed without a jury demand, and the trial court issued an expedited pretrial order placing the case on a non-jury trial list. Almost seven months later Schubel's attorney withdrew from representation and six months thereafter Schubel, acting *pro se*, moved for a jury trial. The court (Piscataquis County, *Kravchuk, J.*) denied the motion for various reasons including that the demand was untimely.

[¶ 3] At the commencement of the trial Schubel, continuing *pro se*, again requested a jury trial, and moved for a view. The court denied the jury request, and delayed ruling on the motion for a view until the close of evidence. John Symonds, a certified State of Maine appraiser, described the island as "rolling ... well-wooded [and] steep in some spots." Comparing it to other properties, Symonds· valued the island at $200,000. The court admitted twenty-seven photographs of the island and its structures offered by Schubel.

[¶ 4] The court decided (1) a view was unnecessary because the photographs provided a sufficient basis for the court's decision; (2) the island should be sold[2] because its size, shape and the location of the buildings made a partition impractical; (3) Schubel's periods of exclusive possession of the island equalled in value his expenditures on the property so that Marin and Rinehart need not reimburse him for maintenance, insurance or taxes; (4) Schubel should retain the right to exclusive possession and the responsibility for costs pending a sale; and (5) the fair market value of the island is $200,000. This appeal followed.

### 1. Jury Trial

[¶ 5] Schubel contends that he was unjustly denied a jury trial. Before May

---

1. The appraiser found the following structures on the island: a "contemporary style" house with two bedrooms and a stone fireplace, two small storage buildings, a boathouse, a watertower and a windmill.

2. The court gave Schubel thirty days to purchase Rinehart's and Marin's shares.

1, 1999, Rule 38 stated that "any party may demand a trial by jury ... by including a demand therefor in writing in the pretrial scheduling statement." M.R. Civ. P. 38(b) (1998);[3] if the defendant wants a jury trial, the defendant asks the plaintiff to include a jury demand in the pretrial scheduling statement. M.R. Civ. P. 38(c) (1998). "The failure of a party to include, or request the inclusion of, a demand in the pretrial scheduling statement as required by this rule constitutes a waiver by that party of trial by jury." M.R. Civ. P. 38(d) (1998).

■ [¶ 6] There is no evidence in the record that Schubel's attorney requested a jury trial via the pretrial scheduling statement. Though Schubel argues his attorney never consulted him about waiving his right to a jury trial, "an attorney's actions of commission as well as omission are to be regarded as the acts of the party represented ...." *Mockus v. Melanson,* 615 A.2d 245, 247 (Me.1992). The trial court did not abuse its discretion in denying Schubel's request for a jury trial. *Gelinas v. Marcel Motors,* 475 A.2d 1138, 1140 (Me.1984); *Solomon v. Brooklawn Memorial Park, Inc.,* 600 A.2d 1113, 1114 (Me. 1991).

### 2. View

■ [¶ 7] Granting or denying a motion for a view is a discretionary decision for the trial court. *State v. York,* 324 A.2d 758, 770 (Me.1974). The Superior Court had before it numerous photographs as well as detailed testimony about the island, and did not exceed the bounds of its discretion in denying the view.

### 3. Abandonment

■ [¶ 8] Schubel contends that Rinehart and Marin "abandoned" their

property rights. However, non-use is not sufficient to show an abandonment of a property right. *See Doherty v. Russell,* 116 Me. 269, 273, 101 A. 305, 307 (1917); *see also Fabianski v. Boutin,* 117 N.H. 232, 371 A.2d 1166, 1167 (1977). The court did not err in concluding that Rinehart and Marin did not abandon their property rights in the island.

### 4. The Appraised Value

■ [¶ 9] The court accepted the appraiser's assessment that the island was worth $200,000. The court is not required to "believe the testimony of any particular witness, expert or otherwise, but could accept such portions thereof as appeared ... to have more convincing weight." *Herbert v. Mrozik,* 521 A.2d 291, 292 (Me. 1987) (quoting *Kittery Elec. Light Co. v. Assessors of Town of Kittery,* 219 A.2d 728, 738 (Me.1966)). The court did not clearly err in accepting the appraiser's testimony. *See Citizens Sav. Bank v. Howland Corp.,* 1998 ME 4, ¶ 5, 704 A.2d 381, 383.

### 5. Sale versus Partition

■ [¶ 10] The decision to sell rather than partition real estate is made if the court finds that partition is either impractical or if to do so would "materially injure" the parties rights. *Libby v. Lorrain,* 430 A.2d 37, 39 (Me.1981). Because of the island's small size, its hilly terrain, and the unique home and other structures, the court certainly did not exceed the bounds of its discretion in making the judgment that if Schubel was unable to buy out the other joint tenants for their share of the appraised value, the island would have to be sold.

---

**3.** Rule 38 was amended in 1999 to declare that in the event the plaintiff did not request a jury, the defendant must, "within 10 days" make a demand. M.R. Civ. P. 38(c) (1999).

### 6. Compensation for improvements, taxes, and insurance

[¶ 11] The court did not err in concluding that Schubel is not entitled to additional compensation for his expenditures of time and money over the years for improvements, maintenance, insurance and taxes because he has had the benefit of exclusive possession. *See Libby,* 430 A.2d at 40 (recognizing that the cost of [the defendant's] contributions were countervailed by [the] exclusive possession of the property); *Scheetz v. Hartman,* 572 A.2d 140, 142 (Me.1990). Similarly, as Schubel is entitled to exclusive possession pending a sale, requiring him to pay the interim costs is equitable.

### 7. Bias or Prejudice

[¶ 12] Schubel contends the court discriminated against him by "overly zealous and often-repeated remarks that this action be terminated during the two days of trial," and by granting Marin's attorney a continuance but refusing Schubel's request for a continuance.

[¶ 13] When a litigant asserts that a judge's comments indicate bias and a denial of due process, if the litigant does not move for a recusal of the judge, we review the contentions for "obvious error." *In re William S.,* 2000 ME 34, ¶ 8, 745 A.2d 991, 995. We have held: "Statements made by a judge during [a] judicial proceeding[ ] will not constitute bias or prejudice 'except in those extraordinary circumstances that demonstrate a deep-seated favoritism or antagonism that would make fair judgment impossible.' " *Id.* ¶ 9 (quoting *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994)) (recognizing that "expressions of impatience, dissatisfaction, annoyance, and even anger" do not constitute bias or prejudice). Additionally, we have stated that a *pro se* litigant "is not entitled to preferential treatment or to judicial accommodation greater than that afforded to a litigant appearing by legal counsel." *Lightfoot v. State of Maine Legislature,* 583 A.2d 694, 695 (Me.1990).

[¶ 14] Justice Mills's treatment of Schubel was not only unbiased, but a model of how a judge should work with a *pro se* litigant within her restricted role as the fact-finder. Justice Mills tried to assist Schubel by helping him remember questions he had forgotten after being interrupted by objections, often explaining why his questions were objectionable rather than just sustaining objections, and methodically reviewing the photographs with Schubel that he sought to have admitted. Schubel's contention is entirely without merit.

The entry is:

Judgment affirmed.