STATE OF MAINE
PENOBSCOT, SS.

DONALD L. GARBRECHT
LAW LIBRARY

JUN 11 2003

SUPERIOR COURT
CIVIL DIVISION
DOCKET NO. AP-02-14
AMM - PEN- 5/8/2003

CAROL CONNOLLY,       )
            Petitioner )
                      )
v.                    )                    ORDER
                      )
STATE OF MAINE, BOARD OF )
SOCIAL WORK LICENSURE, )
            Respondent )

FILED & ENTERED
SUPERIOR COURT

MAY 08 2003

PENOBSCOT COUNTY

Pending before the Court is Carol Connolly's (the "Petitioner") appeal from the Board of Social Work Licensure's (the "Board") decision on to impose a civil penalty and counseling requirements. For the following reasons the Court denies the Petitioner's appeal.

## Background

On April 10, 2000, the Board issued a decision that found the Petitioner had twice violated Principle 1.07(b) of the Code of Ethics of the National Association of Social Workers.[1] The Board ordered the Petitioner to pay a $250.00 fine for each violation and further ordered her to undergo remedial consultation every two weeks for a period of one year. On appeal the Law Court, found that substantial evidence in the record supported a finding of only one violation and remanded the matter back to the Board. Upon remand the Board issued its Decision and Order on Remand and vacated the $250.00 fine for the unsubstantiated violation. The Board retained the $250.00 fine for the remaining violation and ordered the Petitioner to complete her full term of consultation.

---

[1] Principle 1.07(b) provides that, "social workers may disclose confidential information when appropriate with valid consent from a client or a person legally authorized to consent on behalf of a client."

The Petitioner claims that the Board abused its discretion, was biased against her, and further that the sanctions are not supported by substantial evidence in the record. The Law Court has already ruled that the underlying violation is supported by substantial evidence and therefore the Court sees no reason to revisit that issue.

After finding a rule violation the Board may, "Impose conditions of probation upon an applicant, license or registrant. Probation may run for such time period as the bureau, office, board or commission determines appropriate. Probation may include conditions...the bureau, office, board or commission determines appropriate." 10 M.R.S.A. §8003(5)(A-1)(4), and may, "Impose civil penalties of up to $1,500.00 for each violation..." 10 M.R.S.A. §8003(5)(A-1)(3). The sanction in question, certainly not the harshest the Board could have imposed, was within the Board's discretion.

The Board's decision in this matter reveals that the Board considered "its original decision, the Supreme Judicial Court opinion and written arguments submitted by the parties," and imposed the sanction because of the Petitioner's "disclosure of information about a client's treatment in an August 3, 1998 letter "To Whom it May Concern." However, the Petitioner refers to various comments Board members made during the hearing on remand, and suggests that those comments indicate bias. The transcript of the hearing on remand is part of the record, however the Court will not "inquire into the mental processes of an administrative decision maker" unless a petitioner is able to establish a prima facie showing of misconduct. Ryan v. Town of Camden, 582 A.2d 973, 975 (Me. 1990). The record before this Court does not support such a showing.

The violation is supported by substantial evidence in the record and the sanction the Board imposed is statutorily provided for. Although Board members made comments

expressing their frustration and at times questioned their legal authority, the record does not support the conclusion that Board members relied on anything other than evidence in the record when they imposed the sanction.[2] The Board's formal decision specifically states that the Board imposed the sanction because of the Petitioner's disclosure of information.

THE DOCKET ENTRY IS:

The Petitioner's appeal is hereby denied.

The clerk is ordered to incorporate this decision into the docket by reference.

DATED: May 8, 2003

_____
Justice, Superior Court

---

[2] For example, a judge's statements during a judicial proceeding will not constitute bias unless they demonstrate a deep-seated favoritism or antagonism that would make fair judgment impossible. Rinehart v. Schubel, 2002 ME 53, ¶13, 794 A.2d 73. Courts have held that "expressions of impatience, dissatisfaction, annoyance, and even anger" do not constitute bias or prejudice. Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994).

Date Filed __6/27/02_____ _____Penobscot_____ Docket No. __AP-2002-14_____
                                    County

Action __Rule 80C Appeal_____

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

CAROL CONNOLLY                              vs. STATE OF MAINE BOARD OF SOCIAL WORK LICENS

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Gilbert & Greif<br>P O Box 2339<br>Bangor ME 04402-2339<br>BY: Arthur J. Greif, Esq. | Department of the Attorney General<br>6 State House Station<br>Augusta ME 04333-0006<br>BY: Judith M. Peters, AAG. |

| Date of Entry | |
|---|---|
| 6/27/02 | Petition for Appellate Review of Final Agency Action filed. Exhibit A attached. |
| 7/11/02 | Appearance and Statement of Position pursuant to 5 MRSA §11005 filed by Judith M Peters, AAG on behalf of the Respondent Maine State Board of Socia Worker Licensure. |
| 7/25/02 | Administrative Record filed by Respondent. |
| 7/26/02 | Notice and Briefing Schedule 80C Appeal of Final Agency Actions forwarded to attorneys of record. |
| 8/05/02 | Motion for Enlargement of Time to file Respondent's Brief filed. |
| 8/21/02 | Volume 2 of the Administrative Record filed by State of Maine. |
| 8/30/02 | Petitioner's Motion for Enlargement of the Briefing Schedule Until Such Time as the Complete Record is Filed filed. (Exhibit A, B, & C attached) |
| 9/4/02 | File presented to Justice Mead for review. |
| 9/5/02 | File returned by Justice Mead, order issued. |
| 9/5/02 | For good cause shown, the briefing schedule in this matter is enlarged such that petitioner's brief is to be filed within 40 days of the filing of the complete record with this court from the Maine District Court in Augusta, and respondent's brief is to be filed within 30 days of the filing of petitioner's brief. (Mead, J.) (order signed 9/4/02) Copy forwarded to all attorneys of record. |
| 10/18/02 | Received from the Maine District Court, District Seven, Div. Southern Kennebec, Augusta, ME. the complete record docketed as AUG-AD-00-212, including Administrative Record Volumn I and II to supplement the record. |