STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-032

2005 APR 11 A 8: 05 · TDW-CUM-4/

ROSALIE FUSCHETTI,

Plaintiff

v.                                                           ORDER

JOHN MURRAY,

Defendant

The court has previously ruled that under 14 M.R.S.A. §§7552(3)(A) & (B), damages may be sought in the alternative for (1) value of the lost trees (stumpage value), (2) loss in the overall value of the property, or (3) forfeiture value under 17 M.R.S.A. §2510. In the court's view, the cost of replanting trees and restoring the property is not recoverable under §7552(3) unless commercial tree species are involved. See 14 M.R.S.A. §7552(3)(B), 12 M.R.S.A. §8869. However, the cost of replanting trees and restoring the property would be recoverable for common law trespass. Because 14 M.R.S.A. §7552 does not state that it is intended to be an exclusive remedy, the court also ruled that in this case plaintiff Rosalie Fuschetti can seek restoration costs for common law trespass in addition to forfeiture value under 14 M.R.S.A. §7552(3)(B) and 17 M.R.S.A. §2510, but restoration costs would not be subject to trebling under the statute.

Fuschetti did not offer evidence at trial as to stumpage value or as to loss in the overall value of the property, so the case proceeded to trial on a common law trespass claim for restoration costs and on a statutory claim for forfeiture value. Prior to trial

counsel for defendant John Murray stipulated on the record on March 24, 2005 (1) that Murray had committed a trespass and had damaged or destroyed trees on Fuschetti's property; (2) that the number and diameter of the trees on Fuschetti's property that Murray wrongfully cut down or limbed were as stated in Martin Folsom's report; and (3) that for forfeiture purposes pursuant to 14 M.R.S.A. §7552(3)(B) and 12 M.R.S.A. §2510(2), pruned or limbed trees should be treated the same as trees that were cut down.

At the same hearing the parties agreed that the only two issues to be decided by the jury were whether the trespass was intentional or knowing and the amount of any restoration costs.

Trial was held on March 25, 2005. In light of the jury's verdict, the parties have briefed the issue of what judgment should be entered. In addition, in light of the Law Court's decision in Stockly v. Doil, 2005 ME 47, issued on April 5, 2005, counsel appeared before the court to address the impact of that decision.

Although Stockly held that restoration costs are available under a companion statute, 14 M.R.S.A. § 7552-A, the court adheres to its ruling that restoration costs are not recoverable under § 7552. This is because § 7552-A speaks of recovery for "damages," a term which the Law Court has interpreted to include restoration costs. In contrast, § 7552(3) specifies the types of damages that are recoverable under § 7552, and restoration costs are not enumerated in that section except where commercial tree species are involved.[1]

---

[1] To the extent that Leavitt v. Continental Telephone Co., 559 A.2d 786 (Me. 1989) held that restoration costs were recoverable under § 7552 as it existed at that time, Leavitt has been superseded by the 1995 amendments to § 7552, which replaced a general reference to damages with the specific measures of recovery set forth in § 7552(3). See Laws 1995, ch. 450, § 2.

At the same time, the court does not agree with Murray that a party must elect to proceed under either § 7552 or under the common law. Nothing in § 7552 suggests that the Legislature intended to displace common law remedies for elements of damage not recoverable under that section.

The remaining issue is the calculation of damages. As per Folsom's report, the following trees were cut on Fuschetti's property:

26 trees with diameter of 2" or less
15 trees over 2" and up to 6" in diameter
1 tree over 6" and up to 10" in diameter.

The following trees were pruned:

3 trees over 6" and up to 10" in diameter
2 trees over 10" and up to 14" in diameter
2 trees over 14" and up to 18" in diameter
1 tree over 22" in diameter

Under the current version of 12 M.R.S.A. §2510(2) (Supp. 2004), no forfeiture may be adjudged for the 26 trees that are 2" or less in diameter. A total of $375 in forfeitures is assessed for the 15 trees over 2" and up to 6" in diameter that were cut. For trees with a diameter over 6" and up to 10", a total of $200 in forfeitures is assessed for the one tree that was cut and for the three trees that were pruned. A total of $150 is assessed for the 2 trees over 10" and up to 14" in diameter that were pruned. A total of $200 in forfeitures is assessed for the 2 trees over 14" and up to 18" in diameter that were pruned. Finally, a forfeiture of $150 is assessed for the 28"diameter tree that was pruned.

That amounts for a forfeiture total of $1,075, which must be trebled in

3

accordance with the jury's verdict.[2] The total amount of forfeiture damages, therefore, comes to $3,225. Fuschetti is also entitled to attorney's fees and other costs of proving her damages to the extent those costs were incurred between her December 18, 2002 notice of claim and Murray's $6,500 offer of judgment, which was tendered on September 17, 2003.

Under §7552(5), a plaintiff is entitled to recover the cost of professional services incurred in proving her claims, up to 50% of the damages recovered plus interest, provided that the defendant "first" has written notice or actual knowledge that a claim is being asserted. The court interprets that section to exclude professional service costs incurred before notice was given, which precludes any attorney's fees or professional costs incurred in this case prior to December 18, 2002.

In addition, under §7552(6), if an offer of judgment is made more than 10 days prior to trial, no interest, costs, or professional fees incurred thereafter may be recovered if the offer equals or exceeds the value of the claim. In this case, Fuschetti concedes that unless she is entitled to treble her restoration costs under §7552 – an issue she has preserved for appeal – the value of her claim did not exceed the $6,500 offer made on September 17, 2003.

In this case therefore, Fuschetti is entitled to recover the following on her statutory claim: trebled forfeiture value of $3,225, interest at 8% for the nine months from December 18, 2002 to September 17, 2003 equaling $193.50, and professional fees

---

[2] In his motion for summary judgment, Murray calculated the forfeiture damages at a higher figure, $1,775 ($5325 when trebled). See Defendant's Memorandum in Support of Motion for Summary Judgment dated February 4, 2005 at 3. In its order of March 17, 2005, the court adopted this figure as correct because it was not contested by Fuschetti. The higher figure advanced by Murray at the time of summary judgment was apparently based on a prior version of 17 M.R.S.A. §2510 which did not exclude trees with a diameter under 2". See Defendant's Memorandum in Support of Motion for Summary Judgment dated February 4, 2005 at 3; 17 M.R.S.A. § 2510(2) (1982), later amended by P.L. 1995, ch. 450, §5. Murray has since corrected his calculations, and Fuschetti does not contest that the current version of the statute should be applied.

4

incurred between December 18, 2002 and September 17, 2003 up to a maximum of $1,709.25 (50% of $3,225 plus $193.50). The record reflects that Fuschetti incurred attorneys fees between December 18, 2002 and September 17, 2003 totaling $2,050, so Fuschetti is entitled to recover the $1,709.25 maximum for professional costs under §7552(5).

Fuschetti is also seeking her court costs, but Murray's September 17, 2003 offer of judgment precludes recovery of any court costs in this case because this action was not filed until after the offer of judgment was made.

Fuschetti also recovered $5,306 as damages for common law trespass. Since that claim was added immediately prior to trial, however, plaintiff is not entitled to interest and costs on that claim. Moreover, it has been stipulated that Murray has already paid $5,306 in restitution and that this amount should be subtracted from the total damages awarded to plaintiff. As a result, Fuschetti's recovery for common law trespass is cancelled out by the restitution already received.

In sum, the court calculates that Fuschetti is entitled to judgment in the amount of $5,217.75, a sum which includes treble forfeitures of $3,225, nine months of pre-judgment interest equaling $193.50, and professional costs of $1,709.25. Post judgment interest will run at 8.77%.

The entry shall be:

Judgment shall be entered for plaintiff in the amount of $5,217.75 in damages, prejudgment interest, and attorney's fees. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April _8_, 2005

_____
Thomas D. Warren
Justice, Superior Court

5

< OF COURTS
)erland County
O. Box 287
Maine 04112-0287


LEE BALS ESQ
100 MIDDLE STREET EAST TOWER
PORTLAND ME 04101


< OF COURTS
)erland County
O. Box 287
Maine 04112-0287


CHRISTOPHER LEDWICK ESQ
PO BOX 7108
PORTLAND ME 04112