### CHALET SUSSE INTERNATIONAL, INC.

### v.

### MOBIL OIL CORPORATION et al.

Supreme Judicial Court of Maine.

Argued Sept. 17, 1991.

Decided Oct. 18, 1991.

---

John A. Graustein (orally), Daniel Rose, Drummond, Woodsum, Plimpton & MacMahon, Portland, for plaintiff.

Randall B. Weill (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The defendants, Mobil Oil Corporation (Mobil), Sohio Oil Company (Sohio), and B.P. Oil, Inc. (B.P.),[1] appeal from a summary judgment in favor of the plaintiff, Chalet Susse, Inc. (Chalet Susse), entered in the Superior Court (Cumberland County, *Alexander, J.*), on the enforcement of a deed restriction. We disagree with Mobil's contention that the deed restriction, limiting Mobil's use of the property to the "[s]ale of gasoline, oil products, automotive accessories, and the service of automobiles," is unenforceable and affirm the judgment.

In 1971, Chalet Susse purchased property from the City of Portland that included the site in dispute. The deed required that Chalet Susse construct a service garage restricted to the "[s]ale of gasoline, oil products, automotive accessories, and the service of automobiles." In 1972, Chalet Susse conveyed the site to Exxon Corporation (Exxon) with the following deed restriction:

> The premises shall be conveyed subject to the restriction that Grantee [Exxon], its successors, assigns and lessees shall

---

1. Although there are three appellants in this case, Mobil is the present owner of the relevant site and, for convenience, we attribute the arguments raised on appeal to Mobil. Exxon Corporation was also named as a party defendant in the original action, but did not join in this appeal.

use the granted premises only for the sale of gasoline, oil products, automobile accessories and for the service of automobiles and for no other use. This conveyance is also subject to the restrictions, insofar as they affect the granted premises, contained in the deed covering the granted premises from the City of Portland to Grantor [Chalet Susse], dated December 14, 1971 and recorded in Cumberland County Registry of Deeds, Book 3204, Page 805.

Exxon operated a station which sold gasoline, oil, gas additives and repair services, as well as such miscellaneous items as maps, car deodorizers, and ice scrapers. There were also vending machines which sold candy, cigarettes, and soda. In 1985, the City of Portland released Exxon from the restriction imposed by the city. Chalet Susse, however, refused to release Exxon from Chalet Susse's own deed restriction. In February 1987, Exxon conveyed the site to Sohio and its affiliate, B.P., who replaced the Exxon structures with a self-service gasoline station, began to operate a small snack shop on the premises, and applied to the City of Portland for a permit to operate a convenience store.

Chalet Susse, thereafter, sought declaratory and injunctive relief against B.P. and Sohio to enforce its deed restriction. During the pendency of the litigation, B.P. and Sohio conveyed the site to Mobil who took the property with full knowledge of the deed restriction and of the litigation surrounding its enforcement. Chalet Susse added Mobil as a party defendant to the action.

After a hearing, the court granted Chalet Susse's motion for a summary judgment. The court enjoined Mobil from operating the premises for any use "other than the sale of gasoline, oil products, automobile accessories and for the service of automobiles," and specifically prohibited Mobil's operation of a convenience or grocery store, but made an exception for "single vending machine sales of soda, gum, candy and cigarettes." Mobil appeals the granting of the summary judgment.

■ As stated in 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.2 at 36 (2d ed. 1970):

Summary judgment is permissible in an equitable type of action, even though the plaintiff is not, strictly speaking, "entitled to a judgment as a matter of law" but only in the exercise of a sound equitable discretion. There is no good reason why the absence of disputed facts cannot be shown by the summary judgment procedure and the requested relief be given or denied, just as would be the case after the facts were established by trial.

We review the record in the light most favorable to the losing party to determine whether it supports the trial court's decision that there was no genuine issue of material fact and that the trial court did not abuse its discretion in granting the relief requested by Chalet Susse. *Palmer v. Chamberlin*, 191 F.2d 532 (5th Cir.1951).

■ Mobil first contends that the language of the deed restriction is ambiguous and must be read in light of the similar use restriction imposed by the City of Portland. Although both restrictions limit the use of the premises to the sale of gasoline, oil products, automobile accessories, and the service of automobiles, there is no evidence that the two provisions should be read together. The deed from Chalet Susse to Exxon clearly identified the two restrictions as separate. Moreover, Mobil's construction of the phrase "service of automobiles" to include selling those "items which are demanded by and convenient to automobile drivers and passengers," defies the common sense understanding of those terms. No plausible interpretation of the phrase "service of automobiles" can encompass the operation of a convenience store.

■ Mobil next contends that Chalet Susse waived its right to enforce the deed restriction by failing to object to the use of vending machines and is now estopped from enforcing the deed restriction. For waiver to apply, there must be a voluntary or intentional decision to permanently relinquish a known right. *Interstate Indus. Uniform Rental Service, Inc. v. Couri*

*Pontiac, Inc.*, 355 A.2d 913, 919–20 (Me. 1976). There is no evidence that Chalet Susse intended to permanently abandon its right to enforce the deed restriction against a greater derogation. Estoppel is similarly inapplicable here. Estoppel, as opposed to waiver, focuses on misleading conduct rather than intention. *Roberts v. Maine Bonding & Cas. Co.*, 404 A.2d 238, 241 (Me. 1979). Nothing in the record suggests that Chalet Susse misled Mobil concerning the enforcement of the deed restriction. Chalet Susse continually made it clear that it would enforce the deed restriction against the operation of a convenience store.

■ Finally, Mobil contends that the deed restriction improperly hinders competition. Agreements that restrict competition are deemed contrary to public policy and will be enforced only to the extent reasonable and necessary to protect the business interests in issue. *Lord v. Lord*, 454 A.2d 830, 834 (Me.1983). Unlike the present deed restriction, however, such anti-competition restrictions are involved in agreements where one party agrees not to operate a business in competition with a like business being operated by the other party for a certain amount of time and within a certain location. *See, e.g., Roy v. Bolduc*, 140 Me. 103, 34 A.2d 479 (1943). Mobil concedes that Chalet Susse does not compete in the same market as Mobil.

Mobil purchased the site with full knowledge of the restriction, and Chalet Susse should be given the benefit of the bargained-for restriction. A straightforward reading of the deed restriction in this case, which is neither ambiguous nor oppressive, presents no dispute as to any material fact. The trial court properly exercised its discretion by granting Chalet Susse a summary judgment enforcing the restriction.

The entry is:

Judgment affirmed.

All concurring.