2002 ME 14

**Jonathan P. KRUY**

v.

**Nicole G. KRUY**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 2, 2001.
Decided: Jan. 29, 2002.

Bob Bellefleur, Esq., Madawaska, for plaintiff.

Robert J. Plourde, Esq., Fort Kent, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Jonathan P. Kruy appeals from a divorce judgment entered in the District Court (Fort Kent, *Daigle, J.*) awarding Nicole G. Kruy a larger share of their marital property. Jonathan contends that the court erred in considering only one of the three factors required to be considered in marital property divisions. 19–A M.R.S.A. § 953(1) (1998). We disagree and affirm the judgment.

[¶ 2] Nicole and Jonathan were married in 1987, and Jonathan filed for a divorce in early 2000. After hearing testimony from both parties, the court found that Jonathan made a $5000 contribution from his non-marital funds to purchase marital real estate, whereas Nicole contributed $27,971.34. The court found that otherwise, "the parties contributed equally to the acquisition of the marital estate." The court awarded Nicole $22,971.34 more of the marital property than Jonathan by requiring him to make an "equalization payment" after calculating the value of the marital property awarded to each party. In making its decision, the court did not indicate that it considered the value of the non-marital property set apart to each

spouse or the parties' economic circumstances.

[¶ 3] Jonathan appealed, contending that the court erred in basing its award on 19–A M.R.S.A. § 953(1)(A) alone. According to Nicole, the court's distribution was "just" pursuant to the statute because neither party presented evidence regarding the factors listed in paragraphs (B) and (C); thus, the court acted within its discretion in basing its award on paragraph (A) alone.

■ [¶ 4] We review a court's disposition of property for an abuse of discretion. *Chamberlin v. Chamberlin,* 2001 ME 167, ¶ 4, 785 A.2d 1247, 1249.

■ [¶ 5] "Maine is an equitable distribution state, and not a community property state." *Salenius v. Salenius,* 654 A.2d 426, 429 (Me.1995). Section 953 provides, in pertinent part:

1. **Disposition.** In a proceeding for a divorce ... the court shall set apart to each spouse the spouse's property and shall divide the marital property in proportions the court considers just after considering all relevant factors, including:

A. The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

B. The value of the property set apart to each spouse; and

C. The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live in the home for reasonable periods to the spouse having custody of the children.

"A just distribution of property is not synonymous with an equal distribution."

*Chamberlin v. Chamberlin*, 2001 ME 167, ¶ 4, 785 A.2d at 1249 (internal quotation marks omitted). A court must consider all the factors listed in section 953(1). *See id.* (stating that "[a] divorce court is required to consider the 'economic circumstances of each spouse at the time the division of property is to become effective' "); *Arey v. Arey*, 651 A.2d 351, 353 (Me.1994) (stating that "the court must consider the factors set forth in 19 M.R.S.A. § 722–A [predecessor to 19–A M.R.S.A. § 953]...."). A failure to consider all factors in distributing the marital property constitutes an abuse of discretion. *See Robinson v. Robinson*, 554 A.2d 1173, 1175 (Me.1989) (concluding the court abused its discretion because it failed to consider two of the three factors in dividing the marital property and considered other factors not legitimate for consideration).

■ [¶ 6] Because the court found all the real property to be marital and the parties stipulated to the division of the personal property without indicating the value of the non-marital items, the court was not able to consider the amount of non-marital property set aside to either party as required by section 953(1)(B). Similarly, because the parties failed to present evidence regarding their economic circumstances at the time of the divorce, the court was not able to consider section 953(1)(C). When the parties fail to present the evidence, they may not fault the court for not considering it.

[¶ 7] Jonathan also contends that our holding in *Long v. Long*, 1997 ME 171, 697 A.2d 1317, requires an equal distribution of the property in this case. In *Long*, we affirmed the divorce court's exercise of its discretion in making an equal division of the property notwithstanding differences in the parties' original contributions to the purchase of their residence. *Id.* ¶¶ 2–3, 23, 697 A.2d at 1319, 1325. We never indicated that it would have been an abuse of discretion to have divided the property otherwise.

The entry is:

Judgment affirmed.