2005 ME 103

**Lois M. ABBOTT et al.**

v.

**Roland LaCOURSE**

Supreme Judicial Court of Maine.

Submitted On Briefs: July 14, 2005.

Decided: Aug. 30, 2005.

Mark A. Kearns, Esq., Eliot, for plaintiffs.

Bruce B. Hochman, Esq., L. Dennis Carrillo, Esq., Lambert Coffin, Portland, for defendant.

Panel: SAUFLEY, C.J., and DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Roland LaCourse appeals from a judgment entered in the District Court

(Springvale, *Janelle, J.*) granting Lois M. and Arthur R. Abbott's motion for a summary judgment in their foreclosure action. LaCourse argues, inter alia, that there is a genuine issue of material fact in dispute. Because we agree, we vacate the judgment.[1]

## I. BACKGROUND

[¶ 2] The following facts are not in dispute. In November 1983, LaCourse executed a note in favor of the Abbotts for $8000, payable in thirty-six monthly installments, with interest at 15%. The final payment was due in November 1986. LaCourse secured the note with a mortgage on property in the Town of Lebanon.[2]

[¶ 3] The Town recorded a tax lien on the property in August 1997. LaCourse and the Town agreed that the Town would not foreclose if he would pay $75 per month until his debt was paid. In November 2001, the Abbotts paid the outstanding balance of LaCourse's property tax debt and two months later notified LaCourse that he was in default of his mortgage and owed them $11,791.[3] After LaCourse failed to pay within the time set forth in the notice, the Abbotts commenced this foreclosure action.

[¶ 4] Through conflicting statements of material facts supported by affidavits, the parties dispute whether the note was in default. LaCourse states that it was not in default and claims to have made his final payment in October 1987, and over the next fourteen years heard nothing about a deficiency. Arthur, however, states that he notified LaCourse of the deficiency in 1987 but did not pressure him to make further payments because LaCourse was injured and could not work. Arthur states that he did occasionally remind LaCourse of his debt.

[¶ 5] Regarding his payment of LaCourse's property taxes, Arthur states that when he noticed that LaCourse's property was Town-owned, he contacted the Town to ask why he, as the mortgagee, had not been notified of the lien. In response, he received a letter from the Town notifying him that $5443.32 was the then-outstanding balance due on LaCourse's property taxes and that payment was due in thirty days.[4] Arthur states that he paid the outstanding amount to save the property and to stop interest from accruing on the tax debt. LaCourse contends, however, that the property was not in jeopardy because of his agreement with the Town.

[¶ 6] LaCourse also states that he had requested an accounting from the Abbotts, but they never provided one. In response, Arthur states that he invited LaCourse to meet with him so that he could show him exactly which payments he failed to make. Arthur also states that LaCourse double-counted certain payments in his affidavit. According to the Abbotts, LaCourse failed to make seven of the thirty-six payments.

[¶ 7] In the course of the foreclosure action, the Abbotts filed a motion for a summary judgment, which the court grant-

---

1. We do not reach the other arguments LaCourse raises on appeal.

2. In 1996, the Abbotts assigned the note and mortgage to their Living Trust.

3. This sum appears to include the principal and accrued interest the Abbotts claim was due on the mortgage note as well as the outstanding property taxes they paid.

4. Because a tax lien is superior to all other mortgages, the Abbotts, as mortgagees, were entitled to receive notice from the Town at least thirty days prior to foreclosure to give them the opportunity to redeem the lien and protect their mortgage. *See* 36 M.R.S.A. § 943 (1990 & Supp.2004). Because the Town had failed to notify the Abbotts, the Town was obliged to give them an additional thirty days to redeem the lien. *Id.*

ed. The court found that LaCourse owed $13,477.07.[5] This timely appeal followed.

## II. DISCUSSION

[¶ 8] When we review a grant of a summary judgment, "we view the evidence in the light most favorable to the party against whom the judgment has been granted, and review the trial court's decision for errors of law." *MP Assocs. v. Liberty,* 2001 ME 22, ¶ 12, 771 A.2d 1040, 1044 (citing *Kandlis v. Huotari,* 678 A.2d 41, 42 (Me.1996)). "We independently determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to judgment as a matter of law." *Id.* "A material fact is one having the potential to affect the outcome of the suit." *Burdzel v. Sobus,* 2000 ME 84, ¶ 6, 750 A.2d 573, 575. A genuine issue exists when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial. *Id.*

[¶ 9] To be entitled to a judgment of foreclosure, the court must determine whether "there has been a breach of condition in the plaintiff's mortgage, the amount due thereon, including reasonable attorney's fees and court costs, [and] the order of priority and those amounts, if any, that may be due to other parties that may appear ...." 14 M.R.S.A. § 6322 (2003).

[¶ 10] By attaching the mortgage note and deed as exhibits to the complaint, the Abbotts made out a prima facie case for the recovery of the debt. *Mann v. Homestead Realty Co.,* 134 Me. 37, 39, 180 A. 807, 808 (1935) ("By the introduction of the note, the plaintiff made out a prima facie case for a recovery of the full amount due thereon."). The burden was on LaCourse to prove payment. *Id.* ("The burden of proving payment of the mortgage debt ... is upon the mortgagor."). LaCourse stated that he paid the debt in full and attached exhibits evidencing that he did in fact pay the debt. The Abbotts' affidavit asserts that LaCourse did not pay in full. Because a fact-finder would have to choose between competing versions of the truth at trial, there is a genuine issue of material fact as to the amount, if any, due on the note and the court, therefore, should have denied the summary judgment. Trial by affidavit when there are issues of fact in dispute is inappropriate. *See Emerson v. Sweet,* 432 A.2d 784, 785 (Me.1981).

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.

---

5. The breakdown of the $13,477.07 is as follows:

| | |
|---|---|
| (a) Principal and Interest on note | $6567.42 |
| (b) Real Estate Taxes Paid by Plaintiffs | $5443.32 |
| (c) Cost of Service and Court Filing Fee | $ 131.33 |
| (d) Plaintiff's Legal Fee | $1335.00 |