2011 ME 27

**Elizabeth M. HUTZ**

v.

**Llewellyn P.H. ALDEN.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Jan. 27, 2011.
Decided: March 3, 2011.

Alan E. Shepard, Esq., Shepard & Read, Kennebunk, ME, for Llewellyn P.H. Alden.

William C. Knowles, Esq., Jacqueline W. Rider, Esq., Verrill Dana, LLP, Portland, ME, for Elizabeth M. Hutz.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

ALEXANDER, J.

[¶ 1] Llewellyn P.H. Alden appeals from a summary judgment entered in the Superior Court (York County, *Fritzsche, J.*) in favor of her sister, Elizabeth M. Hutz, in Hutz's action for the equitable partition of real estate. Alden argues that the court erred in granting Hutz a summary judgment and in ordering the sale of properties that she and Hutz own as tenants in common. Alden also argues that the court abused its discretion when it denied her motion to extend time to designate an expert witness. Concluding that there are genuine disputes of material fact involved, we vacate the summary judgment but affirm the denial of Alden's motion to extend time to designate an expert.

## I. CASE HISTORY

[¶ 2] Elizabeth Hutz and Llewellyn Alden own, as tenants in common, real property consisting of ten lots in Kennebunk (the Properties). Nine of the ten lots are unimproved. The tenth lot (the Pine Knot Lot), consisting of 3.19 oceanfront acres, has a single-family summer residence on it known as "Pine Knot," as well as a "changing house" that Hutz built at her sole expense. The parties agree that the Pine Knot Lot cannot be divided into two or more lots and that because only one dwelling may exist on that lot, no further development can occur on the Pine Knot Lot. It is also undisputed that "[b]ecause the Pine Knot Lot cannot be divided into two (2) lots, it cannot be equitably divided between" Hutz and Alden.

[¶ 3] Hutz filed a two-count complaint for equitable partition and a declaratory judgment in July 2009, seeking, among other things, an order for the sale of the Properties and exclusive authority to list and sell the Properties. Alden filed an answer and a two-count counterclaim for equitable partition and a declaratory judgment. In August 2009, the court (*Brennan, J.*) entered a scheduling order giving Alden until January 19, 2010, to designate an expert witness and ordering an April 19, 2010, discovery deadline. Alden did not designate an expert by January 19, nor did she timely seek additional time to do so.

[¶ 4] On April 29, 2010, Hutz filed a motion for summary judgment. In her statement of material facts, Hutz asserted, based on the attached affidavits of her appraiser and land use experts, that the Pine Knot Lot is worth more than the combined value of the remaining nine undeveloped lots and is worth more than her and Alden's individual shares in the value of the Properties. Therefore, Hutz alleged that the Properties cannot be equitably divided with one party taking exclusive title to the Pine Knot Lot. Hutz's land use expert, by affidavit, concluded that, of the nine undeveloped lots owned by Hutz and Alden, four could be developed, but the other five are undevelopable or cannot otherwise be reasonably used. Hutz's appraiser, by affidavit, valued the Pine Knot Lot at $3.2 million and the four developable undeveloped lots at $1.4 million, collectively, and concluded that the five undevelopable lots have no market value.

[¶ 5] Alden denied Hutz's statements of material fact as they related to valuation, asserting, supported by her affidavit, that the value of the Pine Knot Lot, and its value in relation to that of the other nine lots, is not an undisputed material fact. Alden also asserted that, even if the Pine Knot Lot is worth more than the other nine lots combined, one party can take exclusive possession of the Pine Knot Lot and achieve an equal division of the Properties by paying the other party half the

difference in value between the Pine Knot Lot and the other nine lots.

[¶ 6]   Alden stated in her affidavit that she wished to retain the Pine Knot Lot and had the financial capacity to pay Hutz the difference in value between the Pine Knot Lot and the other jointly-held properties.   Additionally, although she did not offer an alternate valuation, Alden challenged Hutz's appraiser as having undervalued certain of the lots at issue in several very specific respects.

[¶ 7]   On May 3 and 5, 2010, Alden filed motions to extend time to designate an expert witness and to extend discovery. Alden asserted that she had hired an appraiser around September 2009 and that his appraisals were completed on or around January 19, 2010, the deadline for designating her expert.   She alleged, however, that her attorney had been unable to communicate with her from November 2009 until March 2010 because, unbeknownst to him, she was hospitalized in different hospitals and rehabilitation facilities due to a serious case of pneumonia and did not return to her Nova Scotia home until late March.   The court (*Fritzsche, J.*) denied Alden's motions to extend time.

[¶ 8]   After a hearing, the court entered a judgment in Hutz's favor on her summary judgment motion as to both counts of Hutz's complaint and both counts of Alden's counterclaim.   The court determined that there was no genuine dispute of material fact that, given the values of the Properties, physical division of the Properties would be impractical or would materially injure the rights of the parties.   Accordingly, the court ordered that the Properties be sold.   The court also ordered that Hutz have sole and exclusive authority to engage a broker to list and sell the Properties in a commercially reasonable manner and to enter into a contract of sale for the Properties to convey all of her and Alden's rights to the Properties.   The court added that the parties were encouraged to discuss a possible purchase of part of the Properties by Alden and suggested a judicial settlement conference, although Hutz had indicated no interest in pursuing further negotiations.

[¶ 9]   Alden brought this appeal.

## II.   LEGAL ANALYSIS

### A.   Summary Judgment

■   [¶ 10]   Alden argues that the court erred in granting a summary judgment to Hutz because Hutz's appraiser's valuation of the Properties provided only a refutable opinion of value, the value of the Properties is a material fact in dispute, and the court should not order an equitable remedy without taking evidence at trial.   Alden also argues that Hutz did not meet her burden of showing that physically dividing the Properties was impractical or would materially injure the parties' rights, and that the court therefore erred in ordering the sale of the Properties rather than considering another means of accomplishing a partition, such as awarding the Pine Knot Lot to Alden, the remaining land to Hutz, and requiring Alden to pay the difference in value to Hutz. Finally, Alden argues that the court erred in ordering that Hutz had the exclusive right to list the Properties for sale and unilaterally decide the sale price.

■   [¶ 11]   "A summary judgment is proper in actions involving equitable relief when (1) there is no genuine issue of material fact affecting either the equitable claims or the equities to be considered in deciding to take action, and (2) the opponent of the motion has been afforded sufficient opportunity to present affidavits or other sworn evidence and legal arguments." *Univ. of Me. Found. v. Fleet Bank of Me.*, 2003 ME 20, ¶ 20, 817 A.2d

871, 877; *see also Chalet Susse Int'l, Inc. v. Mobil Oil Corp.*, 597 A.2d 1350, 1352 (Me.1991).

■ [¶ 12] We review the summary judgment record "in the light most favorable to the losing party to determine whether it supports the trial court's decision that there was no genuine issue of material fact and that the trial court did not abuse its discretion in granting the [equitable] relief requested by [the moving party]." *Chalet Susse*, 597 A.2d at 1352. Furthermore, we "independently determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to judgment as a matter of law." *Abbott v. LaCourse*, 2005 ME 103, ¶ 8, 882 A.2d 253, 255. An issue is genuine "if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial." *Univ. of Me. Found.*, 2003 ME 20, ¶ 20, 817 A.2d at 877.

■ [¶ 13] A court of equity will order the sale of jointly-held property and a division of the proceeds if the court determines that physical division is impractical or would materially injure the rights of the parties. *Rinehart v. Schubel*, 2002 ME 53, ¶ 10, 794 A.2d 73, 76; *Libby v. Lorrain*, 430 A.2d 37, 39 (Me.1981). The court may also assign the property to be partitioned to one party and require that party to pay a sum of money to compensate the other for her share in the property. *Ackerman v. Hojnowski*, 2002 ME 147, ¶ 19, 804 A.2d 412, 417. If the court contemplates granting one party an unconditional opportunity to buy the other party's interest, it must consider "whether the party who desires the buy-out has the financial capacity to discharge the outstanding mortgage obligations and pay for the other [party's] interest as determined by the court." *Id.* ¶ 20, 804 A.2d at 418. "The court, however, is not required to permit one party to buy the interest of the other ... and acts within its discretion by refusing to do so even if the party has the financial ability to pay for the interest." *Id.* ¶ 19, 804 A.2d at 417.

■ [¶ 14] In this case, the value of the lots comprising the Properties, and their value in relation to one another, are material facts. *See Univ. of Me. Found.*, 2003 ME 20, ¶ 20, 817 A.2d at 877 ("A fact is considered material if it could potentially affect the outcome of the case."). Hutz submitted evidence of value from her land use and appraiser experts that indicates that the value of the Pine Knot Lot, which itself cannot be divided into two legal lots, is more than twice the value of the nine unimproved lots combined, and thus, it is not possible to order a physical partition without materially injuring the rights of the parties involved. The court is not required to accept an appraiser's valuation, however, and its decision to do so must be based upon a determination of the appraiser's credibility and the weight given that opinion. *See Rinehart*, 2002 ME 53, ¶ 9, 794 A.2d at 76 (stating that the court is not required to believe an expert's testimony, but may accept portions of the testimony that appear to have more convincing weight); *Warren v. Waterville Urban Renewal Auth.*, 235 A.2d 295, 305 (Me.1967) ("The competence, credibility and weight of expert testimony is exclusively the province of the [fact-finder]. It may be disbelieved in part or in whole [and] is not binding on the [fact-finder].").

■ [¶ 15] Alden submitted an affidavit disputing the valuation of the Properties by Hutz's appraiser. Although Alden did not offer a specific competing value amount, she pointed to specific areas in the expert's valuations in which the expert may have undervalued the nine unimproved lots and possibly misvalued the Pine Knot Lot. Alden's opinion as to the

factors impacting valuation of the Properties is competent evidence. "Property owners, by reason of their ownership alone, may state their opinion as to the fair market value of their property." *Garland v. Roy,* 2009 ME 86, ¶ 21, 976 A.2d 940, 947 (noting an award of damages for real property has been upheld when based solely on the owner's opinion of value). The basis for an owner's opinion of value of the real property or factors considered in valuing the property goes to the weight and credibility of the opinion, not its admissibility. *Id.* ¶ 22, 976 A.2d at 947. Absent a determination that a statement offered in opposition to summary judgment is inherently incredible, *see Scott v. Harris,* 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007), summary judgment is not the place to resolve weight and credibility issues, *see Arrow Fastener Co., Inc. v. Wrabacon, Inc.,* 2007 ME 34, ¶ 17, 917 A.2d 123, 126–27.

[¶ 16] The parties' statements of material fact and affidavits demonstrate genuine issues of material fact, requiring the court to choose between the facts asserted and to make credibility determinations. Although Alden did not offer an alternate valuation amount, her affidavit raised a genuine issue of material fact as to the lots' values and values in relation to one another, which conflicted with opposing expert valuations, precluding disposition of the matter by summary judgment. *See Abbott,* 2005 ME 103, ¶ 10, 882 A.2d at 255 ("Trial by affidavit when there are issues of fact in dispute is inappropriate."); *see generally Arrow Fastener Co.,* 2007 ME 34, ¶¶ 16–19, 917 A.2d at 126–27 (vacating a summary judgment when the parties' statements of material fact and affidavits required the court to choose between competing valuations, noting that, even when a party's chances of success at trial are small and one party's version of the material facts appears more persuasive and credible, summary judgment is not appropriate when a fact-finder is required to assess the weight and credibility of the evidence).

[¶ 17] In addition to the disputes of material fact regarding the valuation of the Properties and the validity of the factors the appraiser utilized in estimating the value, there are also disputes of material fact as to whether: (1) physical division of the Properties is impractical and would injure the rights of the parties; (2) equitable division could be accomplished by dividing differently-valued properties with the party receiving the higher-valued property paying one-half of the difference in value to the other party; and (3) equitable division requires that Alden be excluded from involvement in the sale of the Properties.

[¶ 18] Because there remain disputes as to material facts, the court erred in entering summary judgment in this equitable partition action.

## B. Designation of an Expert

[¶ 19] Alden argues that the court abused its discretion in denying her motion to extend the time to designate an expert witness because: (1) Hutz was aware that Alden had hired an appraiser; (2) Alden was hospitalized in various hospitals and rehabilitation centers from November 2009 to March 2010 due to an unexpected serious illness, causing her communication with her attorney to cease during that time and her failure to designate an expert by the January 19, 2010, deadline; (3) Alden moved to extend the time by which to designate an expert shortly after the April 19, 2010, discovery deadline had expired; and (4) Hutz would not have been prejudiced by extending the deadline and the trial would not have been delayed.

■ [¶ 20] We review the trial court's decision whether to grant or deny a motion to enlarge time to designate an expert witness for an abuse of discretion. *Dalton v. Quinn*, 2010 ME 120, ¶ 6, 8 A.3d 670, 672–73. "The trial court's ruling is entitled to considerable deference because of its superior position to evaluate the credibility and good faith of the parties before it." *Id.*

■ [¶ 21] Because Alden moved to enlarge time to designate an expert witness after the deadline for designating an expert had passed, the court could only grant Alden's request to enlarge time upon Alden's showing that her failure to timely designate an expert was the result of excusable neglect. *See id.* ¶ 7, 8 A.3d at 673; *Johnson v. Carleton*, 2001 ME 12, ¶ 7, 765 A.2d 571, 574; M.R. Civ. P. 6(b). "Only in rare instances will a refusal to find excusable neglect constitute an abuse of discretion." *Lane v. Williams*, 521 A.2d 706, 707 (Me.1987) (finding no abuse of discretion when the court denied the party's motion to enlarge time to file a notice of appeal for failure to show excusable neglect where the party's attorney had asked his secretary to file the notice of appeal before leaving for vacation and the secretary failed to do so because her grandmother died).

[¶ 22] The court did not abuse its discretion in denying Alden's motion to enlarge time to designate an expert. Alden was required to designate an expert on or before January 19, 2010. Instead of requesting an enlargement of time when it became apparent on or before January 19, 2010, that an enlargement may be needed, she failed to request an enlargement of time until May 3, 2010—three and one-half months after the deadline for designating an expert had passed, one to two months after Alden had recuperated and was apparently able to be in contact with her attorney, and two weeks after the April 19, 2010, deadline for completing all discovery.

The entry is:

Summary judgment vacated. Remanded to the Superior Court for further proceedings. Denial of motion to extend time to designate an expert witness affirmed.