STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-12-393

*RAC - CuM - 7/19/2013*

ELINOR CLARK,
    Plaintiff

ORDER ON PLAINTIFF'S
PARTIAL MOTION
FOR SUMMARY
JUDGMENT

v.

STATE OF MAINE
Cumberland ss. Clerk's Office

JUL 19 2013

RECEIVED

CAROL LEBLANC,
    Defendant

Before the Court is Plaintiff's partial motion for summary judgment with respect to Count IV of her complaint, which seeks partition of land Plaintiff holds as tenants in common with Defendant.

FACTS

Plaintiff Elinor Clark and Defendant Carol Leblanc have known each other for over two decades. Throughout the years, Plaintiff has provided substantial benefits for Defendant, including sums of money for the upbringing and education of Defendant's son. The parties dispute whether these benefits were purely gratuitous or Plaintiff expected Defendant to repay her.

At issue here, in 2008, Plaintiff purchased a home for Defendant and her son to live in located at 6 Chester Avenue in Falmouth. Plaintiff contributed the full purchase price of approximately $240,000.00 in cash, free of any mortgage. Plaintiff placed the property in her name and Defendant's name as joint tenants and recorded the deed on July 16, 2008. Defendant and her son moved in that summer and are still there.

1

The parties disagree about which party agreed to be responsible for paying taxes, insurance and upkeep: Plaintiff alleges Defendant agreed to do so, and Defendant alleges that Plaintiff agreed to do so. The parties also disagree about the extent to which each actually did contribute to such expenses.

The relationship between Plaintiff and Defendant deteriorated. Plaintiff has asked, and Defendant refused, to turn over her ownership interest to Plaintiff. On June 8, 2012, Plaintiff executed and recorded a deed to herself, ending the joint tenancy.[1]

Although the deed indicates that Plaintiff and Defendant are tenants in common, each party argues, respectively, that she owns the property in full. Defendant alleges, and Plaintiff denies, that at the time of the purchase Plaintiff said: "You can't afford this house, so I am going to buy it for you so that you will always have a place to live." Defendant alleges, and Plaintiff denies, that Plaintiff refused to accept the house keys at closing and informed the sellers that the house belonged to Defendant. Defendant alleges, and Plaintiff denies, that Plaintiff, "repeatedly referred to the Property as belonging only to [Defendant], rather than belonging to [Defendant] and herself." Defendant insists that Plaintiff's representations prior to November 2011 indicated that the property was a gift.

---

[1] When a party severs a joint tenancy, the owners become tenants in common. *Palmer v. Flint*, 161 A.2d 837, 842 (Me. 1960). A tenancy in common still involves common ownership, but not the right of survivorship. *Id.*

[2] Rather than simply dividing the proceeds, the Court may assign the property to one party and require that party to buy out the other party's equitable share. *Hutz v. Alden*, 2011 ME 27, ¶ 13, 12 A.3d 1174 (citing *Ackerman*, 2002 ME 147, ¶ 19, 804 A.2d 412). The Court must consider "whether the party who desires the buy-out has the financial capacity to discharge the outstanding mortgage obligations and pay for the other [party's] interest as determined by the court." *Id.* The Court is never required to order a buyout in this fashion even if the party wishing to do so does have the financial ability. *Id.*

[3] Maine law provides that if a deed is unambiguous, the Court should consider only the plain language within its four corners and not any extrinsic evidence as to the parties'

Defendant alleges, and Plaintiff denies, that Defendant never agreed to pay back Plaintiff for the property or any other support.

Plaintiff admits that she wanted to purchase the house in joint tenancy so that if she died, Defendant would inherit it. However, Plaintiff maintains that the whole arrangement was subject to both parties' understanding that Defendant would surrender the property upon Plaintiff's request in the future. Plaintiff maintains that Defendant agreed to repay any monetary loans in addition to surrendering the property.

The complaint alleges that Defendant has refused to repay approximately $100,000 in loans and refuses to relinquish title to the property and includes the following claims: (1) Breach of contract, (2) quantum meruit and/or unjust enrichment, (3) declaratory judgment to settle the parties' rights to the property, and (4) equitable partition of real estate.

In her partial motion for summary judgment on Count IV of the complaint, Plaintiff asks the Court to partition the property by ordering an immediate sale and to place the proceeds in escrow pending resolution of this action. Plaintiff asks the Court to order Defendant to vacate the property while it is on the market and proposes to loan $5,000 to Defendant to assist with moving expenses.

DISCUSSION

The Court reviews the parties' statements of material fact and record evidence in the light most favorable to the non-moving party, Defendant Leblanc, and grants summary judgment if it appears that there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A.2d 733.

3

Partition is available to joint or common owners of property by statute, 14 M.R.S.A. § 6501 *et seq.*, as well as in equity, *id.* § 6051(7). *Libby v. Lorrain*, 430 A.2d 37, 38-39 (Me. 1981). In cases of equitable partition, like that here, the Court may order the sale and division of proceeds "where physical division is impractical or would materially injure the rights of the parties." *Id.* at 39.

When partition is accomplished by sale, the Court must consider all equities arising out of the joint ownership when dividing the proceeds.[2] *Ackerman v. Hojnowski*, 2002 ME 147, ¶ 11, 804 A.2d 412. This includes amounts that each party spent to improve and maintain the property after it was acquired, but not the parties' initial contributions to the purchase price. *Id.* ¶¶ 11-12.

The summary judgment motion in this case is partial, in that it deals only with Count IV for equitable partition of the property and that it asks the Court to order only one component of equitable partition: the sale itself. An equitable partition presupposes that two or more people own the property jointly or otherwise in common, but the motion does not ask the Court to determine who owns the property. It also does not request equitable division of the proceeds.

As to the latter element – equitable division of proceeds – there are certainly many genuine issues of material fact on that issue. The parties dispute who contributed what to the property's maintenance and improvement. Conceivably, however, the Court

---

[2] Rather than simply dividing the proceeds, the Court may assign the property to one party and require that party to buy out the other party's equitable share. *Hutz v. Alden*, 2011 ME 27, ¶ 13, 12 A.3d 1174 (citing *Ackerman*, 2002 ME 147, ¶ 19, 804 A.2d 412). The Court must consider "whether the party who desires the buy-out has the financial capacity to discharge the outstanding mortgage obligations and pay for the other [party's] interest as determined by the court." *Id.* The Court is never required to order a buyout in this fashion even if the party wishing to do so does have the financial ability. *Id.*

4

could decide to partition the property by sale, and then simply delay deciding the issue of equitable division until a later time.

As to the former element – ownership of the property as a threshold matter – the Court cannot so simply defer the issue of deciding whether both parties, or one party to the exclusion of the other, own the property. Any partition, by sale or otherwise, presumes that the property is in fact owned jointly or otherwise in common, and that issue has yet to be settled in this case.

For one, the summary judgment motion does not ask the Court to decide the ownership issue. *Lehigh v. Pittston Co.*, 456 A.2d 355, 360 (Me. 1983) (noting that "a *sua sponte* summary judgment order on an unargued cross-claim does not appear to be contemplated by the Rules."). Furthermore, there do appear to be at least some disputed material facts as to the ownership issue. As mentioned, each party argues, respectively, that she owns the property in full: Defendant argues that not only was her interest as a joint tenant a gift, but she actually owns the entire property individually. Plaintiff argues that the arrangement was subject to both parties' understanding that Defendant would surrender the property upon Plaintiff's request in the future. In other words, the conveyance was more of a loan and she owns the property in full.

In any case, Plaintiff cannot argue that she owns the land in full *and* ask for equitable partition. If the Court did order partition by sale, and later determined that only one party owned the property, the partition would be rendered invalid. It is another question altogether whether the facts cited by each party – largely going to the parties' intent and different alleged representations – could possibly support a finding of

5

individual ownership by either party as a matter of law.[3] The Court is not asked to make that determination, and it will save it for another day.

The entry will be:

The Court DENIES Plaintiff's partial motion for summary judgment.

_____July 18, 2013_____
DATE

_____
SUPERIOR COURT JUSTICE

---

[3] Maine law provides that if a deed is unambiguous, the Court should consider only the plain language within its four corners and not any extrinsic evidence as to the parties' intent. *Pettee v. Young*, 2001 ME 156, ¶ 8, 783 A.2d 637. Meanwhile, "[a]n effective *inter vivos* gift requires three elements: (1) donative intent; (2) delivery with intent to surrender all present and future dominion over the property; and (3) acceptance by the done." *Westleigh v. Conger*, 2000 ME 134, ¶ 7, 755 A.2d 518.

The Court is unaware of cases in Maine specifically dealing with the issue of how and if a deed, supporting a transfer of land, might also evidence a gift. However, other states have held that a validly recorded deed evidencing a transfer of title creates a presumption of a gift, which may be rebutted. *See, e.g., Robison v. Robison*, 203 P.3d 280, 283 (Or. App. 2009); *Massey v. Hrostek*, 980 A.2d 768, 772 (Vt. 2009) ("Our law establishes a rebuttable presumption that the act of titling property in another's name establishes intent to convey a present interest in the property."). The Restatement takes a similar approach: "Although recordation of the deed is not necessary to perfect a gift of land, unless a statute expressly so requires, recording the deed presumptively constitutes a manifestation that the deed is to be presently operative."[3] RESTATEMENT (THIRD) OF PROP.: WILLS & OTHER DONATIVE TRANSFERS § 6.3 (2003).

6

------------------------------------------------------------------------

01 0000008133           MCCONNELL, DAVID
     ONE CANAL PLAZA SUITE 900 PO BOX 426 PORTLAND ME 04112-0426
     F    CAROL LEBLANC                              DEF      RTND     11/14/2012

02 0000009853           MCDONALD, KELLY
     75 PEARL STREET PO BOX 9785 PORTLAND ME 04104-5085
     F    ELINOR CLARK                               PL       RTND     10/29/2012