STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION ()
DOCKET NO. CV-13-80
$JON-YOR-3/19/2014$

ELIZABETH M. HUTZ and )
LLEWELLYN P.H. ALDREN, )
)
Plaintiffs, )
)
v. )          ORDER
)
JAMES G. MOVCHAN, MARVIN A. )
SMITH and SHELLEY J. SMITH, )
)
Defendants. )

I.    Background

On August 12, 2011, Plaintiffs Elizabeth M. Hutz and Llewellyn P.H. Alden and Defendants Marvin A. Smith and Shelley J. Smith entered into a Purchase and Sales Agreement pursuant to which Marvin A. Smith and Shelley J. Smith were to purchase property located at 48 Parsons Beach Road, Kennebunk, York County, Maine. (Supp. S.M.F. ¶ 1). The agreed upon purchase price was $3.4 million in cash. (Supp. S.M.F. ¶ 2.) On February 10, 2012, Plaintiffs and Defendants Marvin A. Smith and Shelley J. Smith agreed to amend the Purchase and Sales Agreement such that Plaintiffs would finance $2.4 million of the purchase price in the form of a note and mortgage secured to the property. (Supp. S.M.F. ¶¶ 3, 4.) On March 29, 2012 Defendants Marvin A. Smith and Shelley J. Smith assigned "all right, title and interest in and to" the Purchase and Sale Agreement to Shelley J. Smith's father, Defendant James G. Movchan. The next day, March 30, 2012, Defendant Mochvan executed and delivered to Plaintiffs a Mortgage and a Promissary Note in the amount of Two Million Four Hundred Thousand and 00/100 Dollars ($2,400,00.00). (Supp. S.M.F. ¶¶ 6, 7). Also on March 30, 2012, Defendants

1

executed and delivered to Plaintiffs a Guaranty reinforcing the obligations of Defendant Mochvan pursuant to the Note. (Supp. S.M.F. ¶¶ 9, 10).

Under the terms of the Note, Defendant Mochvan was required to make a principal payment of $700,000 on or before August 31, 2012. (Supp. S.M.F. ¶ 15). Defendant did not make the August 31, 2012 payment, nor did either of the other Defendants. (Supp. S.M.F. ¶¶ 16, 17). Defendant Mochvan was required to make a second principal payment on or before December 31, 2012 of $1,700,000. (Supp. S.M.F. ¶ 18). Neither Defendant Mochvan nor either of the other Defendants made the December 31, 2012 payment. (Supp. S.M.F. ¶¶ 19, 20). On September 21, 2012, Plaintiffs sent to Defendants, by certified mail, a notice of default. (Supp. S.M.F. ¶ 23).

The principal amount due under the Note is $2,400,000 and interest is accruing at the rate of 6% or $394.52 per day. (Supp. S.M.F. ¶¶ 21, 22). Plaintiff's claim attorney's fees in the amount of $18,637.72. (Supp. S.M.F. ¶ 26). The Property is not Defendant Mochvan's primary residence. (Supp. S.M.F. ¶ 13).

II.     Standard of Review

When reviewing a motion for summary judgment, the Court reviews the parties' statements of material facts and the cited record evidence in the light most favorable to the non-moving party. Id. Summary Judgment is granted where "there is no genuine issue of material fact and [ ] the prevailing party is entitled to judgment as a matter of law." Hutz v. Alden, 2011 ME 27, ¶ 12, 12 A.3d 1174. A genuine issue of material fact exists where the fact finder must make a determination between differing versions of the truth. Reliance National Indemnity v. Knowles Industrial Services Corp., 2005 ME 29, ¶7, 868 A.2d 220; citing Univ. of Me. Found. V. Fleet

2

Bank of Me., 2003 ME 20, ¶20, 817 A.2d 871. Furthermore, "a fact is material if it could potentially affect the outcome of the case." Id.

III.    Discussion

Plaintiffs have brought this action for foreclosure and breach of guaranty. In order to prove a foreclosure action, Plaintiffs must be able to show the existence of a mortgage, proof of ownership of the mortgage and the note, breach of the mortgage note, amount due on the note (including attorney fees and court costs), order of priority, properly served notice of default and right to cure, and where applicable proof of completed mediation and compliance with the Civil Servicemembers Relief Act. Chase Home Finance LLC v Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508, (citations omitted); see M.R. Civ. P. 56(j). The elements at issue are (1) whether Plaintiffs complied with all statutory and contractual procedural requirements of foreclosure, (2) whether Plaintiffs can show ownership of the Note and Mortgage, (3) whether there was a default, and (4) the amount of attorneys fees claimed.

Defendants have presented a number of arguments and counterclaims in opposition to those presented by Plaintiffs. Defendants argue that they are entitled to the protections of 14 M.R.S. § 6111 due to the Mortgage Agreement. Defendants argue that Plaintiffs have not shown that they are the owners of the Mortgage and Note. Defendants argue that the Note and Mortgage were modified to allow for payment once Defendants had sold other property holdings, and therefore there has been no breach. Finally, Defendants argue that Plaintiffs have not proven the amount of attorney's fees claimed.

Defendants argue that Plaintiffs should be held to the procedural requirements of 14 M.R.S. § 6111 in seeking to foreclose on Defendants' property. The protections of 14 M.R.S. § 6111 are solely for residential property occupied by the mortgagor. 14 M.R.S. § 6111 (2013).

3

Defendants admit that the property in question is not their primary residence. Nonetheless, Defendant's argue that since the Mortgage agreement states:

> At any time after a default has occurred (subject to Grantor's rights under 14 M.R.S.A. § 6111), the Grantee shall have all rights and remedies of a mortgagee under Maine law

This clause of the Mortgage incorporates only those rights intended by 14 M.R.S. § 6111 et. seq. The mortgagors have only those rights under section 6111 that they had in the absence of the mortgage clause. The Mortgage Agreement does not grant rights or protections that would not otherwise be afforded to the mortgagors under the statute. Therefore, because the property in question is not a residential property occupied by the mortgagor, the protections of 14 M.R.S. § 6111 do not apply.

Defendants argue that Plaintiffs have not provided sufficient evidence of ownership of the Mortgage and the Note. "The mortgagee shall certify proof of ownership of the mortgage note and produce evidence of the mortgage note, mortgage and all assignments and endorsements of the mortgage note and mortgage." 14 M.R.S. § 6321 (2014). Defendant argues that the Ryder Affidavit is insufficient to show ownership because as Plaintiffs' lawyer, Attorney Ryder cannot speak from personal knowledge as to Plaintiffs' ownership of the documents in question. Defendants further argue that there is no credible evidence offered by Plaintiffs that ownership has not been transferred. Defendants raise a genuine issue of material fact concerning the ownership of the Mortgage and Note.

Finally, Defendants contend that the Note and Mortgage were modified to allow payment once Defendants had sold other property holdings. Because Defendants had yet to sell their other property, and because they had continued to make interest payments·to Plaintiffs, Defendants argue that there had been no breach. In order to determine whether there has been a breach of

4

contract the Court first looks to the plain meaning of the contract itself. Langevin v. Allstate Ins. Co., 2013 ME 55, ¶ 9, 66 A.3d 585, 590. Defendants argue that they were led to believe that there was a modification. (Add. S.M.F. ¶ 4). Defendants cite Plaintiff's acceptance of interest payments as proof of the alleged modification. Defendants argue that they understood the contract to be modified and that Plaintiffs' acceptance of interest payments was evidence that Plaintiffs had agreed to wait until Defendants sold their other property holdings. (Smith Aff. ¶¶ 9-14). The Court finds that a question of fact remains as to whether there was a modification of the loan agreement and whether a default occurred.

Defendants challenge the Plaintiff's requested attorney's fees. Plaintiff must provide sufficient detail of the accrual of atorney's fees in order for the Court to determine the reasonability of the fees. See Bordetsky v. Charron, 2012 WL 1521493, at *7 (Me.B.C.D.); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates). Plaintiffs have filed affidavits from both attorneys working on the case summarily stating the total amount and offering their opinion on reasonableness of the fee. A question of fact remains as to how the Plaintiffs reached the final attorneys' fee and whether it is reasonable.

IV.    Conclusion

The Court DENIES Plaintiff's Motion for Summary Judgment.

DATE:    **3/19/14**

_____
John O'Neil, Jr.
Justice, Superior Court

5

ATTORNEY FOR PLAINTIFF ELIZABETH M HUTZ;
JOHN P GIFFUNE
VERRIL DANA LLP
PO BOX 586
PORTLAND ME  04112

ATTORNEY FOR PLAINTIFF LLEWELLYN P H ALDEN:
WENDY J PARADIS
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 8729
PORTLAND ME  04101

ATTORNEY FOR DEFENDANTS :
THOMAS DANYLIK ESQ
WOODMAN EDMANDS DANYLIK AUSTIN ET AL
PO BOX 468
BIDDEFORD ME  04005