STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER COURT
CIVIL ACTION
DOCKET NO. BCD-REA 2023-00010

THOMAS CONNOR and
ALYSSA K. MAZEIKA

v.

ORDER

ALICE MAZEIKA and
DAVID MAZEIKA

The Plaintiffs own real property as tenants in common with the Defendants. Defendants are the parents of Plaintiff Alyssa Mazeika. Plaintiff Thomas Connor is their son in law. The property is a two-unit residential property on a single lot. Plaintiffs have filed this equitable partition action asking the court to order the sale of the property and to divide the proceeds. Defendants counterclaimed. They seek a statutory partition where the property is physically divided between them.

Plaintiffs file this motion for summary judgment asking the court to order the sale of the property. They assert that Defendants failed to generate a genuine issue of material fact that would allow the Defendants any remedy other than a sale.

Statutory partition may be carried out only by physical division of the jointly owned real estate. 14 M.R.S.A. § 6501; *Libby v. Lorrain*, 430 A.2d 37, 39 (Me. 1981). Equitable partition is a more flexible procedure than the statutory action for partition. *Libby*, 430 A.2d at 39. Remedies may include physically division of the property, ordering a sale of the property, or allowing a buy out of the property. *Id.* Physical division of the property is not appropriate if it would materially injure the rights of the parties. *See Murphy v. Daley*, 582 A.2d 1212, 1213 (Me. 1990). An order allowing one party to "buy out" the other party would require that the party seeking to buy out the other party have the necessary financial capacity. *See Hutz v. Alden*, 2011 ME 27, ¶ 13, 12 A.3d

1

1174. Ultimately, it is in the court's discretion to require a sale or allow a buyout after weighing all the equities. *See id.*

In their summary judgment motion, the Plaintiffs argue that the Defendants have not generated a genuine issue of material fact in order to allow the court to employ either the "physical division" or the "buy out" remedies. To survive a motion for summary judgment, the nonmoving party must establish a *prima facie* case for every element of the party's cause of action. *See Savell v. Duddy*, 2016 ME 139, ¶ 18, 147 A.3d 1179. The court considers reasonable inferences that may be drawn from the facts. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18. "When facts or reasonable inferences are in dispute on a material point, summary judgment may not be entered." *Id.* In addition, in a partition claim sounding in equity, there must be no genuine issue of material fact affecting either the equitable claims or the equities that must be considered. *Hutz*, 2011 ME 27, ¶ 11, 12 A.3d 1174.

The court concludes that Defendants have generated a genuine issue of material fact sufficient to avoid summary judgment in this matter sounding in equity. Their Statement of Material Facts incorporates the affidavit of Alice Mazeika. With respect to the physical division, Mazeika asserts that the two-unit building can be physically partitioned and that they can refinance the single mortgage. While her averments would probably be insufficient to persuade the court at a hearing, the court cannot say as a matter of law that a physical division is impractical. Defendants did not provide evidence that the Town ordinances would allow a division, but Plaintiffs did not raise the issue in their Statement of Material Facts. The same is true of whether the property could be returned to a condominium, the property could be refinanced, or divided in more than two ways. A plaintiff opposing a motion for summary judgment is not required to establish in the written material filed in opposition to the motion a *prima facie* case for those elements of the cause of

2

action not challenged by the defendant. *Corey v. Norman, Hanson, & DeTroy*, 1999 ME 196, ¶ 9, 742 A.2d 933.

With respect to the potential of a buyout by one side or another, the court has no information to determine whether that would be an appropriate remedy. In their briefs, Plaintiffs ask that the parties be provided with the opportunity to buy one another out. The proposed order, however, makes no reference to that request. Finally, the court has no information to determine whether the method of the proposed sale is the appropriate here. The court appreciates that the Plaintiffs are eager to start the sale process and notes that a hearing is set in about six weeks. It certainly may be that a court-ordered sale is the appropriate result, but the court cannot make the appropriate equitable determinations based on the scant record offered by the Plaintiffs' or the Defendants' brief responses.

Plaintiffs' motion for summary judgment is DENIED.

This Order is incorporated on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _7/19/23_

_____
Thomas R. McKeon
Justice, Business and Consumer Court

Entered on the docket: 07/19/2023

3